## VAN DYKE *vs.* THE STATE.

1. After the final adjournment of the Supreme Court it ceases to have any power over its records, other than that, incident to all courts of general jurisdiction, of correcting clerical errors where the record affords matter upon which to base such correction.

2. An *adjourned* term is but a continuation of the regular term; and although it is continued for the trial of the causes on a particular division, yet the court has power, *ex mero motu*, to vacate an erroneous judgment rendered during the regular term in a cause on another division, and to set down the cause for a rehearing at the regular succeeding term.

MOTION to strike the cause from the docket. The facts upon which this motion is predicated, may be thus stated. On the 4th day of August, 1852, a day of the regular June term of the Supreme Court, an opinion was delivered in this case, affirming the judgment of the Circuit Court of Tuskaloosa county. On the 5th day of August, before the adjournment of said term of the court, the following order was made for an adjourned term to be held in December, viz:

" And now the court being about to adjourn, and it appearing that there are undisposed of many cases on the North Eastern Division: It is ordered, with the consent of all the counsel engaged in said causes on the North Eastern Division, that an adjourned term of this court be held, for the purpose of disposing of said causes still remaining undisposed of; and further, that said adjourned term be commenced on the first Monday in December next, and continue in session three weeks. It is further ordered, that all the continuances heretofore entered continuing the causes on the North Eastern Division, be set aside, and that they stand for trial at the said adjourned term. All other causes remaining on the docket, but not upon the North Eastern Division, are continued until the next regular term of this court. And thereupon the court adjourned, to meet again on the first Monday in December next."

On the 21st day of December, which was the last day of the adjourned term, the following order was made by the court in this cause, *ex mero motu:* "In this case it is ordered, that the judgment rendered on the 4th day of August, 1852, a previous day of the present term, be set aside, and that said cause be continued, to be argued at the next term of this court;" and the cause was reinstated on the docket accordingly.

The county of Tuskaloosa, from the Circuit Court of which the writ of error in this case was sued out, is in the North Western Division of the State.

NICOLSON, for the motion.

E. W. PECK, *contra.*

*Per curiam.*—Motion is made in this case to repudiate the

jurisdiction of this court, and to strike the cause from the docket, upon the ground that, after a final judgment, and after, as it is alleged, the court had adjourned its regular term, the power of the court over the cause ceased, and that the subsequent order of the court for a rehearing, made at the adjourned term, commencing on the first Monday in December last, was void, and that the rehearing then granted should be treated as a nullity.

This is a very important question, not only in its bearing upon other cases, but as involving the power of this court in reference to the correction of its own judgments, and we trust we have given to it the consideration which its importance and delicacy demand.

It is most unquestionably true, that, after the final adjournment of this court, it ceases to have any power over its records, other than such as is incident to all courts of general jurisdiction, that of correcting clerical errors where the record affords matter upon which to base such correction. After its final adjournment, its judgments are absolute and conclusive, and the court has no power over them.

But, while we fully recognize this undeniable principle of law, we are, on the other hand, equally clear, that the case presented by this motion does not fall within it.

The statute declares, that the Supreme Court shall hold two terms in each year, to commence the first Mondays in January and June. The length of the terms is not prescribed, but the court is required to sit from day to day, (Sundays excepted,) until the business is completed. By the first section of the act of 1833, it was provided : " The judges of the Supreme Court may hold *adjourned terms* of said court, for the trial of such causes as the counsel on both sides thereof may agree to set at such adjourned term, to be called and heard in the order in which they are set for trial, of which the clerk shall make record ; and it shall be the duty of the court to cause to be entered of record, at the time of setting such causes for trial, the time of the commencement of such adjourned term.''

In the case before us, at the last June term, an order was made for the holding of an adjourned term of the court, to commence on the first Monday in December last, which was set apart for the trial of the causes on the North Eastern

Division, and all other causes on the docket, not otherwise disposed of, were ordered to be continued until the next regular term. The judgment in the case before us was rendered at the June term, anterior to the order of continuance, and a rehearing was granted at the adjourned term. The question is, had the court the power to grant the rehearing?

We feel quite sure that it had. The *adjourned* term, as its name manifestly imports, is but a continuation of the previous term, and although it is continued for the trial of the causes on a particular division, it by no means follows that the power of the court over the business which has been done and the entries made, is taken away. It is the same term prolonged; and although prolonged for purposes specified in the order, and although the court, as a matter of justice to the counsel and suitors, would not take up any causes not set for trial at such adjourned term, yet, as its session or term has not finally closed, it has power over its record to make it conform to the truth, and to see that injustice is not done by allowing an erroneous judgment to stand against a party, but should, as in the case before us, *mero motu*, vacate it, and set down the cause for a rehearing at the regular succeeding term. If the term has not closed, and the court is still in session, it is not concluded by its previous order, but has power to rescind it; for so long as the term continues, this power necessarily results. It is not like the case of a special distinct term held after the regular term has been brought to a final close. In such case, the court would be concluded by the final adjournment.

In order to conclude the court, and exclude its power over the record of the term, the term must have closed either by an adjournment *sine die*, or by lapse of time so as to be closed by the coming on of the regular term. Here the court adjourned to a particular day, for the purpose, 'tis true, of trying certain causes, but still continuing the term and retaining its powers incident to its orders made during the term.

It was long the practice under the statutes to adjourn the court to a particular day preceding the next regular term, so as to meet and deliver opinions, and have the judgments entered up as of the term which was thus prolonged.—See the records of this court.

Although we do not pursue this practice now, yet we think the judgments so rendered are not void, but the court had jurisdiction.

Suppose that, at the adjourned term, the counsel should have consented to try a cause not on the North Eastern Division, and the court had tried it, could it be seriously contended that the judgment rendered would have been void for want of jurisdiction? Clearly it would have been competent for the court to set aside the previous order of continuance, and by the consent of counsel to have tried the cause. Consent could not confer this jurisdiction. The court had it without such consent, but without such consent its exercise would have been unjust.

Upon the whole, we are fully persuaded that the court had power over the record, and might rightfully grant the re-hearing.

Motion denied.