(134 So. 132)

## MINOR v. MINOR.
1 Div. 654.

Supreme Court of Alabama.
April 23, 1931.

646

George A. Sossaman, of Mobile, for appellant.

F. K. Hale, Jr., of Mobile, for appellee.

ANDERSON, C. J.

■ The decree that was amended was either self-correcting or showed upon its face such a conflict as to indicate a clerical error in including therein the words "during the pendency of this suit," which said words were, in effect, contradictory of the decree which was intended to award permanent alimony or support. The final decree had previously settled the question of alimony pendente lite and counsel fees, and then dealt with and fixed the permanent allowance of $35 a month to be paid "on the 10th of each month hereafter." The decree also taxed the cost and was to all intent a final disposition of the cause, and the addition of the words, stricken by the amendment, rendered it meaningless and contradictory and of no effect, and the inclusion of the words so stricken must have gotten in by the use of a blank form as used in awarding temporary alimony and which, so far as this record discloses, may have been on the file and inspected by the court in passing upon the motion to amend.

■ It is, of course, well settled that the right to amend a judgment or decree as to a clerical error does not authorize a review or revision of same or authorize the court to render a different one. Emerson v. Heard, 81 Ala. 443, 1 So. 197; Ex parte Robinson, 72 Ala. 389; Tippins v. Peters, 103 Ala. 196, 15 So. 564; Wilmerding v. Corbin Banking Co., 126 Ala. 269, 28 So. 640. But this amendment did not change the decree as rendered, but merely struck from the record a clerical and self-correcting error.

■ We do not mean to hold that the appellee was confined to the statute, section 7855 of the Code of 1923, in seeking the amendment. Campbell v. Beyers, 189 Ala. 307, 66 So. 651. Conceding, however, that it was sought under said statute, the court has repeatedly declined to enforce the limitation of three years to motions thereunder. Sartor v. Branch Bank at Montgomery, 29 Ala. 353. The statute as thus construed has been reproduced and unchanged except to add to circuit courts "courts of like jurisdiction," and this change in no wise affected the time as fixed.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.