166 So. 421

**FIRST NAT. BANK OF TUSCUMBIA et al. v. HARRIS et al.**

**HARRIS et al. v. FIRST NAT. BANK OF TUSCUMBIA et al.**

8 Div. 672, 672–A.

Supreme Court of Alabama.

March 5, 1936.

W. L. Chenault, of Russellville, for appellants petitioners.

R. L. Polk, of Sheffield, for appellees cross-appellants.

KNIGHT, Justice.

Bill filed by the First National Bank of Tuscumbia and D. I. Howard against James C. Harris and others, seeking to avoid, on the ground of fraud, certain conveyances of real estate executed by their debtors.

The equity of the bill was sustained on former appeal. Harris et al v. First National Bank of Tuscumbia et al., 227 Ala. 86, 149 So. 86.

After the cause went back to the circuit court of Colbert county, the bill was further amended. On July 23, 1934, the complainants undertook to amend section 3-aa of the bill as last amended. The subject-matter of this amendment was material.

The record fails to show that notice of this amendment was given to either the respondents or to their solicitors of record, as required by section 6559, Code 1923. No answer was made by the respondents to this amendment, and no decree pro confesso was entered thereon.

On January 15, 1935, the Honorable C. P. Almon succeeded to the office of judge of the Colbert county circuit court. Having been of counsel in the case, Judge Almon recused himself, and the register of the court, without notice to counsel for respondents, appointed Hon. J. Fred Johnson, who had just retired as judge of said court, to act as special judge to hear and determine said cause.

The register entered upon the trial docket the following notation: "1/15/1935. Submitted to Hon. J. Fred Johnson, Jr., Special Judge, for final decree. W. T. Moody, Register."

On the same day Judge Johnson rendered a decree granting complainants relief as prayed. No note of testimony was filed by the respondents; the complainants' note shows submission, among other matters, upon the original bill and all amended bills, with all exhibits thereto.

The only thing to show any submission of the cause to Judge Johnson is the notation above of the register and the statement in the decree wherein it is recited: "The above cause now being submitted to me as special judge." The record wholly fails to show any call of the case, or any formal submission, or that respondents had any notice of the purported submission prior to the time the register made the notation above set out.

Within thirty days after the decree was entered by Judge Johnson, the respondents filed two motions or petitions with Judge Johnson to vacate and set aside the decree upon numerous grounds.

On March 1, 1935, Judge Johnson recused himself, and made no ruling upon either motion or petition, and on April 1, 1935, the parties not having agreed on a special judge to hear the matters, Hon. W. T. Moody, register of the court, on April 1, 1935, appointed Hon. James T. Kirk, an attorney at the bar of Colbert county, to try the cause.

On May 15, 1935, Judge Kirk, on submission of the cause, "solicitors for complainants and respondents present in court," made and entered an order setting aside the decree entered by Special Judge Johnson, and ordered "the parties to prepare the case for final submission as though the decree of January 15, 1935, had not been rendered." "To which action and ruling of the court the complainants duly excepted."

As the case then stood, there was no final decree in the cause, if it is assumed that Judge Kirk had jurisdiction over the decree rendered by Judge Johnson on January 15, 1935.

From the decree of Judge Kirk annulling the former final decree made and entered on January 15, 1935, the complainants have prosecuted an appeal to this court, and have also filed in this court along with the appeal a petition for mandamus to require Judge Kirk to vacate and annul his decree of May 15, 1935, setting aside the decree of January 15, 1935.

After this appeal was taken by the complainants, the respondents prosecuted an appeal from the decree of January 15, 1935. This appeal is denominated by counsel for the respondents as a cross-appeal. However, it is of no moment what the appeal may be termed by counsel; it is for all purposes an original appeal presenting for review the correctness of the decree of January 15, 1935, if the decree entered by Judge Kirk on June 15, 1935, was void. Of course, if this last-mentioned decree is not void, then there would be no decree in force to support respondents' appeal.

The first question to be determined is, Was the decree rendered by Judge Kirk on May 15, 1935, void?

It is insisted by appellants complainants that the decree of May 15, 1935, was void for the reason that more than thirty days had elapsed since the rendition of the same,

and, there being no order regularly continuing the motion for rehearing, the final decree of January 15, 1935, passed out of the breast of the court, and the court lost all control over it.

■ We are mindful of the fact that there is in every cause a new term of the chancery court of thirty days' duration, beginning on the day after the decree, and that, after the expiration of thirty days, the court is without power to hear a motion for rehearing, unless opposing counsel waive the delay or unless jurisdiction is retained by proper order of continuance. Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664.

■ However, in the instant case, a motion for rehearing was filed within thirty days after the rendition of the decree of January 15, 1935, and, while no formal orders were made continuing the same, it appears that on March 22, 1935, more than thirty days after the filing of the motion or motions for rehearing, the complainants petitioned the register to appoint a special judge "in this cause in lieu of the Honorable J. Fred Johnson, Jr., who recused himself." It further appears that, after the appointment of Judge Kirk, following the petition of the complainants, the complainants participated in the hearing of the motions, and thereby waived the discontinuance, if any, of said motions. Gibson v. Farmers' Bank of Luverne, supra.

■ The discontinuance of the motions having been waived, and we must so treat them in view of the record, the next question to be determined is, Was Judge Kirk justified in annulling the decree of January 15, 1935? We think he was, and for two reasons, either of which would be sufficient: (1) There was no lawful or proper submission of the cause to Judge Johnson as special judge to hear and determine the cause. The only thing to show the submission is the notation made by the register above set out. This submission was made without the consent of, or notice to, the respondents. (2) The record shows that on July 23, 1934, the complainants filed an amendment to their bill, and the record fails to show that notice of this amendment was given to the respondents in the mode prescribed by law, section 6559 of the Code. The observance of the requirements of this statute are mandatory.

Smith v. Smith, 212 Ala. 132, 101 So. 903; Farmers' State Bank v. Inman, 208 Ala. 281, 94 So. 105; Farmers' State Bank v. Inman, 207 Ala. 284, 92 So. 604. The record further affirmatively shows that no answer was made or filed to said amended bill, and no decree pro confesso was entered thereon. The cause was not, therefore, at issue when the submission was attempted. In such state of the case the submission was premature, and the decree rendered thereon was erroneous. Smith v. Smith, supra; Darling v. Hanlon, 197 Ala. 455, 73 So. 20.

The court being confronted with the situation above pointed out, it was its clear duty to set aside the decree thus erroneously entered. This it did, and in so doing preserved the law of the case.

It follows, therefore, that the writ of mandamus must be denied.

The order of the court annulling and setting aside the decree of January 15, 1935, would not support an appeal, and hence the appeal by the complainants appellants must be dismissed.

The appeal taken by the respondents appellants must also be dismissed. The decree from which this appeal was prosecuted having been validly set aside and annulled, there was no decree in fact against respondents from which to appeal.

It follows, therefore, that the separate appeals by the complainants and respondents are dismissed, and mandamus prayed for by complainants is denied.

Cost of complainants' appeal is taxed against complainants, and the cost of respondents' appeal is taxed against respondents.

Appeals dismissed. Mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.