## THOMPSON et al. v. FOSTER.

### No. 8610.

Court of Civil Appeals of Texas. Austin.

March 31, 1937.

Rehearing Denied April 21, 1937.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

Marshall O. Bell, of San Antonio, and Felts, Wheeler, & Wheeler, of Austin, for appellee.

BLAIR, Justice.

This appeal is from an order overruling a motion to dissolve a temporary injunction. The proceedings arose as an appeal by appellee, A. G. Foster, from an order of the Railroad Commission, dismissing his application for a formal or written approval of certain contracts between him and W. R. Painter and Painter

Bus Lines, Inc., a corporation, for the operation of a round trip daily motorbus schedule from San Antonio, Tex., to Del Rio, Tex., under certificate of convenience and necessity No. 13 owned by W. R. Painter and the Painter Bus Lines. The motion to dissolve consisted of a general demurrer only, which was overruled, and therefore the facts alleged must be taken as true. They are as follows:

W. R. Painter and Painter Bus Lines, a corporation, owned certificate of convenience and necessity No. 13, which authorized several bus operations between several cities and towns, including one round trip daily operation from San Antonio to Del Rio. On October 1, 1934, appellee, A. G. Foster, entered into contracts with W. R. Painter and the Painter Bus Lines for the right or privilege of operating the schedule from San Antonio to Del Rio. The contracts provided that Foster would operate the schedule as authorized by the certificate and under the supervision and regulation of the Railroad Commission; that he would furnish all equipment and make all necessary bonds and reports required by the rules and regulations of the Railroad Commission, and would operate any additional schedules between said points which might thereafter be required by the Railroad Commission under said certificate No. 13. That he would establish stations for the proper care of passengers along the route, and would promptly comply with all rules and regulations of the Railroad Commission concerning the operation of said schedule. That should Foster fail to comply with the rules and regulations of the Railroad Commission under the motorbus laws of Texas, or any of the terms of the agreement, then his interest in said operation or schedule would thereby revert to W. R. Painter and the Painter Bus Lines, Inc. For the right or privilege of operating the schedule, Foster was to pay W. R. Painter and Painter Bus Lines the sum of $25 per month, and was to pay certain percentage of the local fares for tickets sold by him. The contract was for a period of 10 years, beginning October 15, 1934, and ending October 15, 1944. Shortly after the execution of these contracts, they were filed with the Railroad Commission with an application for their approval, as required by section 5 of article 911a, Vernon's Annotated Civil Statutes. No written order was entered approving the lease or right to operate the schedule; but the Railroad Commission approved the operations, accepted the bonds filed by appellee pursuant to the contracts and motorbus laws, and its agent supervised the operation with respect to the rates, fares, and terminal arrangements. Both W. R. Painter and Painter Bus Lines approved and carried out the contracts and accepted the pay stipulated therein, until January 22, 1935, when they notified appellee that they had canceled his contracts and right to operate the bus schedule; at which time appellee first discovered that the Railroad Commission had not formally approved his contracts, which specifically obligated W. R. Painter and Painter Bus Lines to obtain the recognition and approval of the contracts by the commission. On May 4, 1936, appellee filed his application with the Railroad Commission, requesting it to in writing approve his schedule as set forth in the contracts under which he had been operating; and after notice a hearing was had, at which W. R. Painter and the Painter Bus Lines appeared and objected to a consideration of the application, on the ground that they had not joined in such application. Whereupon, the Railroad Commission dismissed the application because it was not "signed by both Painter Bus Lines, Inc., and W. R. Painter, to have approved a lease of one schedule." Appellee then instituted this proceeding, alleging the above facts and that the order was unjust, unfair, and arbitrary; that the net earnings of the schedule were in excess of $300 per month: that appellee had purchased and secured equipment valued at several thousand dollars; and that if appellee were denied the right to operate the bus schedule, his damages would exceed $40,000. That the Railroad Commission, W. R. Painter, and the Painter Bus Lines were threatening to have appellee arrested for operation of the schedule without such written approval of the contracts, which would necessarily interfere with his schedule, and inconvenience passengers who were being transported for hire over such route. Upon these allegations the temporary injunction was granted, and the motion to dissolve same was overruled.

The commission presents two propositions, as follows: (1) That the allegations of the petition showed a bona fide dispute as to contractual rights between A. G. Foster as purchaser or lessee of one schedule of the certificate of convenience and necessity No. 13; and that the Railroad Commission had no right to deter-

345

mine this question of law, and its proper order was to dismiss the application; (2) that since the petition reflected that the contract is based upon an approval of the assignment or lease of a portion of certificate of convenience and necessity No. 13, the commission did not err in dismissing the application, because the law does not authorize the assignment or lease of a part of a certificate of convenience and necessity.

The first proposition is not sustained because no question as to the validity of the contracts was raised on the hearing of the application for their formal approval by the commission. The commission had in every way recognized and authorized the operation of the bus schedule by appellee under the contracts filed with it for approval, except that no formal order of approval had been entered. Both W. R. Painter and Painter Bus Lines had recognized and ratified the bus operation and had accepted the consideration provided for in the contracts. And since the commission, W. R. Painter, and Painter Bus Lines had recognized and authorized the operation of the bus schedule by appellee under the contracts for more than a year, the commission was clearly without power to dismiss the application for formal approval of the contracts merely because W. R. Painter and Painter Bus Lines did not sign the application. In such circumstances, equity will regard the contracts as having been approved as of the time when the commission recognized and authorized the operation of the bus schedule by appellee.

If any question as to the validity of the contracts was mentioned in any proceeding, it was in reference to a pending separate suit of appellee against W. R. Painter and Painter Bus Lines concerning the contracts in question. But if the question of the validity of the contracts raised in such suit had been raised on the hearing of the application of appellee for formal approval of his contracts by the commission, still the commission would not have been authorized to dismiss the application. It could not pass upon the validity of the contracts and should have withheld any ruling on the application for approval of

the contracts until their validity had been determined in a proper proceeding by a court of competent jurisdiction. Railroad Comm. v. Rau (Tex.Civ.App.) 45 S.W.(2d) 413; Railroad Comm. v. North Texas Coach Co. (Tex.Civ.App.) 92 S.W. (2d) 268. The effect of the action of the commission in dismissing the application of appellee for the approval of his contracts, which the commission had recognized and authorized his operation thereunder, was to determine that he now has no rights under such contracts. Such powers are not given to the commission.

Nor do we sustain the second proposition that the law does not authorize a lease or a contract for the operation of a motorbus schedule by the owner of the certificate of convenience and necessity. Such a lease or contract is not a transfer, lease, or an assignment of a part of the certificate, but is merely a lease or contract of a right or privilege under the certificate, which certificate still remains the property of the owner. The lease or contract for the operation of a bus schedule under a certificate is authorized by the portion of section 5 of article 911a, Vernon's Ann.Civ.St., which reads as follows: "Any right, privilege, permit, or certificate held, owned or obtained by any motorbus company under the provisions of this Act (Art. 911a; P.C. art. 1690a) may be sold, assigned, leased or transferred, or inherited; provided, however, that any proposed sale, assignment, lease or transfer shall be first presented in writing to the Commission for its approval or disapproval and the Commission may disapprove such proposed sale, assignment, lease, or transfer if it be found and determined by the Commission that such proposed sale, assignment, lease or transfer is not made in good faith or that the proposed purchaser, assignee, lessee or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased or transferred, in such manner as to render the service demanded by the public necessity and convenience on and along the designated route."

The order appealed from will be affirmed.
Affirmed.