185 So. 893

**GASTON et al. v. RECONSTRUCTION FINANCE CORPORATION.**

**3 Div. 253.**

Supreme Court of Alabama.

Jan. 19, 1939.

C. L. Hybart, of Monroeville, for appellants.

Hamilton & Jones, of Evergreen, for appellee.

112

BOULDIN, Justice.

Appellee sued in statutory ejectment.

From a judgment for plaintiff defendants appeal.

The parties deraign title and right of possession from a common source; the plaintiff, through a mortgage and for-closure thereof, executed by defendants, husband and wife, upon the property of the husband. Defendants claim through a tax deed acquired through tax proceedings based on an assessment against the mortgagor, husband, who was under duty to pay the taxes.

The property was purchased at tax sale by or in the name of a third person, the certificate of purchase assigned to the wife of the mortgagor, who, in due course, obtained a tax deed.

Whether, unexplained, such transaction bears on its face such evidence of collusion between husband and wife as to subject the wife to the same estoppel as her husband, we find it unnecessary to decide in this case, and leave for consideration when fully presented.

Numerous questions are argued going to the validity of the tax sale, only a few of which we need consider.

Defendants offered the tax deed in evidence, relying on its recitals as prima facie evidence of the validity of the tax proceed-ings under the statute. Revenue Code 1921, § 276 (Gen.Acts 1919, pp. 282, 360, § 267).

The deed becomes prima facie evidence only of proceedings recited in the deed. Proceedings essential to a valid tax sale, not recited in the deed, must be proven by the party claiming under the tax title.

The tax deed in this instance is entirely silent as to giving the notice to appear and show cause why a decree of sale should not be entered as required by Revenue Code 1921, § 252 (Gen.Acts 1919, pp. 282, 353, § 243).

The taxpayer to whom the property was assessed was admittedly a resident of the county entitled to personal service. This notice is a vital step in such proceedings, giving the taxpayer his day in court, part of due process of law. When the deed is relied upon as evidence of such notice, it should recite the kind and character of notice. A mere recital that notice was given as required by law, a mere legal conclusion of the Judge of Probate acting ministerially in the execution of a deed, is not sufficient. Howard v. Tollett, 202 Ala. 11, 79 So. 309.

Plaintiff, for the purpose of showing another fatal defect in the tax sale proceedings, offered in evidence the decree of sale. This decree recited: "And it further appearing that notice of this proceeding has been given as required by law." This decree was a judicial act.

But it was fatally defective upon another ground. It failed to insert, and left blank, the amount of the taxes assessed against the property, and left blank the amount of fees, costs and charges, as prescribed in form of decree set out in Revenue Code 1929, § 258 (Gen.Acts 1919, pp. 282, 355, § 249).

Clearly the ascertainment of these amounts as unsatisfied charges upon the land for which the State and County have liens enforceable through these proceedings, is one of the essential inquiries in the proceeding; one which the taxpayer may, on the hearing, controvert. This finding and entry in the decree is essential to any valid decree of sale. Such omission renders the decree void. Any deed made pursuant to a sale under such decree is void.

Defendants, long after suit brought, undertake to cure this omission in the decree of sale by amendment nunc pro tunc.

Whether any amendment nunc pro tunc, if allowable, can affect the rights of third parties having the right to act on the invalidity of the tax proceedings as they appear at the time, is questionable. 15 R.C.L. 628, § 71.

Apart from this, amendments nunc pro tunc are for the purpose of having the decree speak the truth, disclose the judicial action of the court at the time, and supported by record or quasi-record evidence of what was done at the time. Clerical omission in judgments or decrees for which data is present making certain the proper correction of the entry is the usual field for such amendments.

Here the matter relied upon for such amendment was the report of the Tax Collector on delinquent taxes invoking the jurisdiction of the Probate Court in the premises. Revenue Code 1929, § 250, 251 (Gen.Acts 1919, pp. 352, 353, §§ 241, 242). This book is merely prima facie evidence on behalf of the State on the hearing. Revenue Code, § 257 (Gen.Acts 1919, p. 355, § 248). The court by its decree must pass upon, determine, and write into the decree of sale the amounts found in a judicial proceeding to be due in taxes, costs and fees. To go back years later, pass upon this issue, and fill in these blanks, was to write a new decree. A deed made under the decree void on its face at the time it was entered, at the time of sale made thereunder, and at the time the deed was executed, cannot be validated in this way. Such license would break down all the safe-guards so often declared for the protection of the citizen in the matter of the sale of his property for taxes.

Other matters, such as repeated references in the tax deed to the provisions of a former Code, some of which had been modified by later statutes, need not be considered further than to warn taxing authorities that the use of obsolete blanks in matters of so manifest concern as tax sales, should be carefully avoided.

Affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.