11 So.2d 144
### SISSON v. LEONARD.
6 Div. 33.

Supreme Court of Alabama.

Dec. 22, 1942.

L. C. Albright, of Birmingham, for appellant.

Pritchard, Aird & Fox, of Birmingham, for appellee.

FOSTER, Justice.

The chief question on this appeal relates to the power of a circuit court sitting in equity to grant a motion to amend nunc pro tunc a former decree signed by the judge and entered by substituting another in its place materially different, after the expiration of thirty days from its rendition.

The order granting the motion and thus amending the decree is not here under direct review as for any error, except such as may render it void on collateral attack.

A short recital of the status of the record is necessary to an understanding clearly of the question.

On May 27, 1939, a decree of the Circuit Court of Jefferson County, Alabama, granted a divorce to appellant from James Dwight Leonard, who is not involved directly in the instant controversy. That decree awarded the custody of their child to this appellee, who is the father of the respondent in the divorce suit, and grandfather of the child.

Appellant became a resident of Georgia, and pursuant to the terms of the divorce decree, appellee did on July 15, 1941, permit the child to visit his mother, appellant, in Georgia, but she refused to return him to appellee, for reasons detailed in her pleading here under consideration; but those reasons are not a part of the subject matter of this appeal.

Appellee sued out habeas corpus in Georgia on the basis of the faith and credit of the decree in Alabama, awarding him custody of the child, and secured his custody by a judgment in that state and returned to Alabama with the child. Appellant has removed to Alabama, and has remarried as has also the father of her child.

The instant proceeding grew out of an ancillary petition by appellee to the Circuit Court of Jefferson County which granted the divorce and awarded the custody of the child to appellee, whereby he sought to have appellant adjudged to be in contempt of that court. In answer to the rule nisi, appellant set out her reasons for not returning the child, and incorporated in it a petition to that court to make substantial

changes in the former decree which had awarded his custody to appellee.

Demurrer to this petition was sustained with leave to amend. An amendment was immediately filed. A motion to strike and objection to filing it were not acted on. In that status it was heard. Evidence was taken orally before the court which is set out in this record. At the conclusion of the evidence, the court made announcement of his decision on the issues. This is also set out in the record. And on the same day on which the trial was had, which was November 28, 1941, a decree was signed by the judge and entered. It recited: "It is therefore ordered, adjudged and decreed that complainant (meaning this appellant) be and she is hereby denied relief prayed for in her petition for custody of the minor child of the parties." It had other formal parts. No reference was made in the decree to the contempt charge, nor is there shown to have been another decree in that connection, although the court announced that appellant would not be held in contempt.

On January 21, 1942, a motion was presented to the same judge by appellant seeking an amendment nunc pro tunc of the decree of November 28, 1941, by substituting a new one, which was in substance merely a denial of the petition of appellee for a decree adjudging appellant in contempt and a discharge from it, with no other feature here material, and leaving out any ruling on the petition for the custody of the child. This motion was set down for hearing. And on the hearing had on January 23, 1942, the court (same judge presiding) granted the motion and ordered the amendment, so that the decree of November 28, 1941, was adjudged to be as set out in the motion, rather than as signed on the day of the trial. There was no appeal from that decree, nor other effort to have it vacated.

Thereupon on February 11, 1942, the cause came on for hearing as recited in a decree of that date before another judge of the same court, and appellee filed objection to further consideration of appellant's petition for the custody of the child on the ground, in substance, that the controversy as to the custody of the child had been disposed of by the court in its decree of November 28, 1941, supra, as originally entered, and that the order amending it made on January 23, 1942, was void. The court sustained the objection of appellee and dismissed the petition of appellant.

That is the decree from which the appeal was taken and it is assigned as error. Also the original decree of November 28, 1941, is assigned as error, but no appeal was taken from it.

The attack made on the decree of January 23, 1942, amending that of November 28, 1941, is but collateral, and on the ground that the court had no power thus to amend the decree by the substitution of another for it. So that we cannot consider the question of whether the evidence offered in support of the motion to amend was sufficient in fact or law. The sole and only inquiry is whether the court had the legal power at that time thus to amend the decree of November 28, 1941.

This was not done within thirty days, nor was the motion to do so filed in that time. It can only be supported therefore as an amendment nunc pro tunc, if at all.

We will consider the grounds specially assigned in the objections of appellee filed in the cause, and no others. We have stated them in substance.

■ At common law, courts were not authorized to amend judgments after the lapse of the term at which they were rendered, except for clerical errors. Van Dyke v. State, 22 Ala. 57; Buchanon v. Thomason, 70 Ala. 401; Whorley v. Memphis & C. R. Co., 72 Ala. 20, 25; Robertson v. King, 120 Ala. 459, 24 So. 929; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; 34 Corpus Juris 215. Notice of the proposed amendment was not then necessary. Nabers v. Meredith, 67 Ala. 333; Ware v. Kent, 123 Ala. 427, 26 So. 208, 82 Am.St. Rep. 132.

In 1824 a statute was adopted and it appeared in Clay's Digest, 322, section 55; Code of 1852, section 2401; Code of 1867, section 2807; Code of 1876, section 3154, and in all subsequent codes, whereby judgments could be amended at a subsequent term for any clerical error, mistake in the calculation of interest or other mistake of the clerk (now also of the register).

An Act of March 1, 1881 (page 66), provided for ten days' notice of all proceedings in courts of record to amend judgments, decrees or orders nunc pro tunc, provided it should not apply to clerical errors, nor to amendments made during the term.

■ This was made section 2867, Code of 1886, and as codified it makes notice essential to a motion to amend nunc pro tunc a judgment or decree of a court of record, "if the amendment be not of mere clerical errors." And in that code there was also brought down the statute first enacted in 1824, supra, providing for the amendment of clerical errors and mistakes of the clerk, making it section 2836. Those two statutes have been brought down to date as sections 566 and 567, Title 7, Code of 1940. But without those statutes all courts of general jurisdiction have the power to correct clerical errors, after the expiration of the term, when the record affords matter upon which to base such correction. Otherwise "after its final adjournment its judgments are (were) absolute and conclusive, and the court has (had) no power over them."

This seems to amend the common law so as to add the power of amendment to "other mistake[s] of the clerk" (though not merely clerical). Whorley v. Memphis & C. R. R. Co., supra. For the court had the inherent power to amend after the term all clerical errors. We take it that a mistake "in the calculation of interest" as set out in the statute is also a clerical error.

We now have other mistakes of the clerk, not a mere clerical error, which by statute may be corrected by a circuit court or one of like jurisdiction, section 567, supra; whereas section 566 and its predecessors apply to all courts of record.

In the case of Com'rs Court of Henry County v. Holland, 177 Ala. 60, 58 So. 270, 271, it was said: "In amending their judgments nunc pro tunc at a subsequent term, courts are exercising a very special and limited statutory power." This case was referring to an amendment not of a clerical sort, and not by the circuit court nor court of like jurisdiction. See, Marengo County v. Barley, 209 Ala. 663, 96 So. 753.

■ If a judge makes a docket memorandum of his judgment, and the clerk fails during the term to extend it in form on the minutes, it is a "mistake of the clerk," which is not merely clerical but it may be corrected at a subsequent term by a judgment nunc pro tunc under section 567, Code, supra; Ex parte French, 226 Ala. 297, 147 So. 631; Ware v. Kent, 123 Ala. 427, 26 So. 208, 82 Am.St.Rep. 132, as is specifically covered by section 567, Code, supra.

■ Under chancery practice, without a statute, at the conclusion of the term, the court could do no more than correct clerical errors, the same as a court of law. 19 Amer.Jur. 288, section 419. Now covered by new Chancery Rule No. 63.

Section 567, Code, supra, confers the power to amend on circuit courts or courts of like jurisdiction; and the mistake subject to amendment is that of the clerk or register. It was first made applicable by express terms to mistakes of the register when it went into the Code of 1923, section 7855.

It is not our purpose here to discuss the question of whether sections 566 and 567, Code, supra, refer to different courts since their terminology is not the same. Perhaps they do not.

■ We do not think there is any principle of law, common or statutory, or rule of practice, which authorizes a circuit judge sitting in equity, after the term of the court at which he signed and caused to be entered a decree in a cause final in its nature with no clerical error, and in which there was no mistake of the register, upon a motion nunc pro tunc, or otherwise, to enter a decree of a different nature and to a substantially different effect, although he may have pronounced it so on the trial. New Chancery Rule No. 65 is now clear to that effect, especially in the light of Rule 63.

■ A judge sitting in equity may announce his decision and change his mind before his entry of a decree. And the fact of such previous announcement is not conclusive that he made a mistake in entering the decree. But even so it is his mistake, not that of the register and not clerical. A proceeding nunc pro tunc after the term of the court at which a decree is rendered, signed and caused to be entered is not permitted for the purpose of correcting mistakes of the trial judge in equity except those which are clerical. Rule 65, Chancery Practice. If he made a material mistake his error may be corrected either on appeal or by bill of review, or motion for a rehearing if made in due time, Rule 62, Chancery Practice, or ex mero motu in that time.

The status now after the expiration of thirty days from the rendition of a decree is the same as it was formerly after the expiration of the term. Section 119, Title 13, Code of 1940; Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; Gibson v. Farm-

ers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Ex parte Howard, 225 Ala. 106, 142 So. 403.

The result is that the trial court was correct in holding that the decree of January 23, 1942, attempting to amend the decree of November 28, 1941, nunc pro tunc by substituting one decree for another, was without authority of law since it was more than thirty days after the decree of November 28, 1941, and the motion thus to amend was also filed more than thirty days thereafter, and it did not seek to correct a clerical error nor any mistake of the register.

We have not treated the question of ten days' notice specified in section 566, Code, supra, since it was not made a ground on which reliance was had in attacking the decree. It could have been and doubtless was waived.

The result is that the question of the custody of the child on appellant's petition was finally determined on November 28, 1941, and it was not before the court thereafter, and on February 11, 1942, there was no other such petition before the court to invoke action in that connection. Therefore the decree dismissing it was itself without support, and was void and cannot be the basis for this appeal. That is the only decree from which the appeal was taken, and it is therefore necessary for us to dismiss the appeal ex mero motu.

Let the appeal be dismissed for the reason assigned above, not now considering other contentions in that connection.

Appeal dismissed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.