68 So.2d 545

## Ex parte SHARP.

6 Div. 565.

Supreme Court of Alabama.

Nov. 5, 1953.

John A. Bostwick, Jr., Guntersville, and Maurice F. Bishop, Birmingham, for petitioner.

A. W. Jones, R. J. McClure, Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for respondent.

654

STAKELY, Justice.

This suit involves an interpretation of Equity Rule 63, Code 1940, Tit. 7 Appendix, which reads as follows:

"Clerical mistakes in decrees, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party after such notice, if any, as the court orders."

The proceeding is an original petition for mandamus filed in this court by Rudolf C. Sharp (petitioner) to require the Hon. George Lewis Bailes, as Judge of the Tenth Judicial Circuit of Alabama, to vacate a decree entered by him on February 16, 1953, in which a prior decree was corrected under the provisions of Equity Rule 63. A brief summary of the record is necessary for an understanding of the case.

1. On May 18, 1940, Nancy Sharp was divorced from Rudolf C. Sharp (petitioner here) and in the decree she was allowed $150 a month for the support of herself and the minor children, the decree providing that the first payment should be made on June 15, 1940 and subsequent payments made on the 15th day of each succeeding month thereafter.

2. On August 13, 1952, Nancy Sharp filed a petition to modify the decree of May 18, 1940 on the ground of changed conditions and on October 20, 1952 Rudolph C. Sharp also filed a petition to modify the decree of May 18, 1940 upon the ground of changed conditions.

3. The two petitions for modification hereinabove referred to were tried together before the court and on November 25, 1952 a decree was entered modifying the decree of May 18, 1940, so as to provide that Rudolf C. Sharp pay to Nancy Sharp the sum of $300 per month for the support and maintenance of herself and minor children in lieu of the sum of $150 decreed by the court on May 18, 1940.

4. On December 23, 1952, Nancy Sharp filed a petition for rehearing of the decree of November 25, 1952 and on December 24, 1952 Rudolph C. Sharp filed a petition for rehearing of the decree of November 25, 1952. These matters were set for hearing on January 8, 1953, the court by order retaining jurisdiction to modify the decree of November 25, 1952 until January 15, 1953.

5. On January 12, 1953, a decree was rendered by Judge Bailes denying the respective petitions of Nancy Sharp and Rudolf C. Sharp for rehearing of the decree of November 25, 1952.

6. On February 4, 1953, Nancy Sharp filed another application for rehearing of the decree of modification of November 25, 1952.

7. On February 11, 1953, Rudolf C. Sharp filed a petition to quash, strike or dismiss the application for rehearing of Nancy Sharp on February 4, 1953.

8. On February 16, 1953, the Hon. George Lewis Bailes, as Judge of the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, entered a decree correcting and amending nunc pro tunc the decree of November 25, 1952, so as to provide that Rudolf C. Sharp pay to Nancy Sharp within ten days from the date of this decree for the support and maintenance of complainant and her minor children a sum equal to and aggregating payments at the rate of $300 per month from the 13th day of August, 1952, to and including the 25th day of November, 1952, together with the further sum of $300 for the maintenance and support of Nancy Sharp and the minor children for the month of December, 1952 and further providing that Rudolf C. Sharp pay to Nancy Sharp on the first day of each month thereafter the sum of $300 per month for the support and maintenance of herself and minor children.

I. We are confronted with the question as to whether the trial court had the power on February 16, 1953, to amend the decree of November 25, 1952. It is well to say at the outset that mandamus is the proper remedy to vacate an order which the trial court had no power to enter. Ex parte Myers, 246 Ala. 460, 21 So.2d 113; First National Bank of Tuscumbia v. Harris, 231 Ala. 672, 166 So. 421; Cochran v. Miller, 74 Ala. 50.

It is evident that the decree of February 16, 1953 was not rendered within thirty days after the rendition of the decree of November 25, 1952 or within the period of retained jurisdiction which expired by its specific terms on January 15, 1953. The decree of modification rendered on November 25, 1952, was a final decree insofar as it modified the decree of May 18, 1940. Smith v. Smith, 218 Ala. 701, 120 So. 167; Bailes v. Bailes, 220 Ala. 178, 124 So. 215; Aiken v. Aiken, 221 Ala. 67, 127 So. 819.

There is no doubt that the trial court lost all power over the decree of November 25, 1952, after the expiration of January 15, 1953, except to correct clerical errors therein. Since this was a final decree as to the then existing rights of the parties, the decree of modification cannot be modified again, except by a subsequent petition to modify on the basis of a change of circumstances. Aiken v. Aiken, supra; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825. See Equity Rule 62 and Equity Rule 65. So it follows that the only way in which the decree entered on February 16, 1953 can be supported is on the theory of a correction of the final decree of November 25, 1952.

Upon a careful consideration of the matter we have concluded, however, that the decree of February 16, 1953 shows by its own provisions that it is an entirely different decree from that of November 25, 1952. Under the decree of November 25, 1952, there was an increase in the amount of the payments for the support of Nancy Sharp and the minor children. Such increased payments became effective on the date of the decree. Powe v. McLeod & Co., 76 Ala. 418; Ex parte Lost Creek Coal & Mineral Land Co., 229 Ala. 17, 155 So. 355; Ex parte Lacy, 232 Ala. 525, 168 So. 554. See 27 C.J.S., Divorce, § 240, page 998.

In the decree of February 16, 1953, the court modified its original decree so as to make the payments retroactive as of the time when the petition was filed. In Sisson v. Leonard, supra, this court said [243 Ala. 546, 11 So.2d 147]:

"We do not think there is any principle of law, common or statutory, or rule of practice, which authorizes a circuit judge sitting in equity, after the term of the court at which he signed and caused to be entered a decree in a cause final in its nature with no clerical error, and in which there was no mistake of the register, upon a motion nunc pro tunc, or otherwise, to enter a decree of a different nature and to a substantially different effect, although he may have pronounced it so on the trial. New Chancery Rule No. 65 is now clear to that effect, especially in the light of Rule 63.

"A judge sitting in equity may announce his decision and change his mind before his entry of a decree. And the fact of such previous announcement is not conclusive that he made a mistake in entering the decree. But even so it is his mistake, not that of the register and not clerical. A proceeding nunc pro tunc after the term of the court at which a decree is rendered, signed and caused to be entered is not permitted for the purpose of correcting mistakes of the trial judge in equity except those which are clerical. Rule 65, Chancery Practice. If he made a material mistake his error may be corrected either on appeal or by a bill of review, or motion for a rehearing if made in due time. Rule 62, Chancery Practice, or ex mero motu in that time."

Under Equity Rule 63 there is no power to correct judicial errors. Sisson v. Leonard, supra. Amendments nunc pro tunc can only be made to correct errors apparent on the record. Sisson v. Leonard, supra; Ex parte Alabama Fuel & Iron Co., 193 Ala. 496, 499, 69 So. 115. An entirely different decree is not permissible by amendment nunc pro tunc. Sisson v. Leonard, supra; Gaston v. Reconstruction Finance Corp., 237 Ala. 111, 185 So. 893; A. G. Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123. The right to amend or decree as to a clerical error does not authorize the court to render a different decree. Minor v. Minor, 222 Ala. 645, 134 So. 132.

We conclude that the decree of February 16, 1953, is void and that an order from this court should be issued to the Hon. George Lewis Bailes, as Circuit Judge of the Tenth Judicial Circuit of Alabama, in Equity, requiring him to annul, quash and set aside the decree rendered by him on February 16, 1953, unless within ten days from the date of this decree he shall have entered an order expunging and setting aside the decree to which we here refer.

Mandamus granted conditionally.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.