108 So.2d 156

**CAPITAL TRANSPORT COMPANY, Inc., et al.**

v.

**ALABAMA PUBLIC SERVICE COMMISSION.**

3 Div. 831.

Supreme Court of Alabama.

Jan. 8, 1959.

Knabe & Nachman, Montgomery, for appellants.

John Patterson, Atty. Gen., Wm. C. Younger, Asst. Atty. Gen., and Thos. M.

Stowers, Montgomery, of counsel, for appellee.

Maurice F. Bishop and N. Hawthorne Hawkins, Jr., Birmingham, Wm. Inge Hill and Jack Crehshaw, Montgomery, for interveners.

SIMPSON, Justice.

This is an appeal from a final decree of the Circuit Court of Montgomery County in Equity affirming a final order of the Alabama Public Service Commission denying the application of the appellants for transfer of a contract carrier permit. The appeal is taken pursuant to the provisions of Title 48, § 301(27) (Pocket Part), and Title 48, §§ 79 and 90, Code 1940.

Capital Transport Co., Inc., and Graham Oil Co., Inc., sought approval from the Commission for the transfer of contract carrier Permit No. 20 from Graham to Capital under § 301(15) of Title 48, Pocket Part, Code 1940. This permit authorized the transportation of gasoline and other petroleum products in bulk, in tank vehicles, between Mobile, Alabama and other points in Alabama over irregular routes. Extensive administrative proceedings in August and September of 1956 culminated in the final order of the Commission on February 20, 1957, denying approval of the proposed transfer. On March 13, 1957, these appellants, Capital Transport Co., Inc., Graham Oil Co., Inc., and T. A. Graham and C. D. Kelley, d/b/a Graham Oil Company, Inc., appealed from this or-

der of the Commission to the court below. The order was attacked procedurally on the grounds that the order was not preceded by the hearing required by § 7 of the Alabama Motor Carrier Act of 1939 [Title 48, §§ 301(1) et seq. (Pocket Part)], Code 1940 and constitutional guaranties of due process. It was alleged that "the Commission" had not "heard" the case and that it had not observed the alternative post-hearing procedure required for cases heard by an examiner. The Commission's order was attacked substantively as an erroneous application of relevant law to appellants' prejudice and as having been against the substantial weight of the evidence. Appellants also attacked, by motion to strike, intervention of certain protestants before the Commission and the circuit court in the appeal proceedings.

The court below decided that procedurally the attack on the nature of the proceedings before the Commission had come too late and substantively that the Commission's order regarding public interest should be affirmed.

There are several propositions advanced as error to reverse, but as we view the case, an affirmance of the lower court's decree is in order, as the appellant has not overcome a threshold obstacle to the transfer of the permit in question. It affirmatively appears from the record that Graham Oil Company, Inc., as transferor, is not the holder of Permit No. 20 which it proposes to transfer to Capital Transport, Co., Inc.

Following are the salient facts: On July 13, 1942, T. A. Graham, doing business as Graham Oil Company, applied for a permit to operate as a contract carrier of liquid petroleum in bulk between Mobile and all points and places within a radius of 200 miles of Mobile. This application was approved and the permit was granted on August 26, 1942. On June 16, 1947, Graham Oil Company, by C. D. Kelley, Manager, wrote the Commission requesting advice as to whether the war emergency permit would be terminated on July 1, 1947.

On June 20, 1947, the Commission wrote Graham Oil Company that the permit would expire on July 1, 1947, and enclosed necessary application papers to qualify as a contract carrier. This application was filed on July 1, 1947, in the name of Graham Oil Company, a partnership of T. A. Graham and C. D. Kelley. The application form specifically requested the applicant to state whether it was an individual, partnership, corporation, or other form of enterprise, and it was answered that applicant was a partnership. The application, oath, and certificate of service were signed by C. D. Kelley as "Partner and Manager". Exhibit "G" of the application referred to T. A. Graham as "partner". Exhibit "I", entitled "Copy of Articles of Incorporation, Partnership or Association" was filled in with the words, "No existing written partnership agreement". And the financial statement submitted in support of the application showed as net worth, "Partners' Investment Account (Statement No. 2) [$]83,171.59." The application of the partnership was docketed under the Commission's Docket No. 11065. On October 7, 1947, the Commission duly ordered, "That Permit No. 20 now standing in the name of T. A. Graham and C. D. Kelley, as partners, doing business as Graham Oil Company be and it is hereby reissued * * *." The order was likewise headed at the top, "T. A. Graham and C. D. Kelley, d/b/a Graham Oil Company." Mr. Kelley, in testifying before the Commission as to the incorporation of the partnership business, said as follows:

"We started to change from a partnership to a corporation in 1947. Now, as to the exact date, I don't know when we started the proceedings but we incorporated as of September 1st, 1947, changing from a partnership to a corporation."

According to this testimony, therefore, the incorporation of the business occurred about five weeks before the permit was reissued. But the application with oath

and attached exhibits A through K were the only evidence before the Commission at the time of its order of October 7, 1947. The record shows no amendment to the application or notice to the Public Service Commission prior to its order of October 7, 1947, that in addition to the partnership entity there was a separate corporate entity. There has been no application filed prior to the instant proceedings to transfer the permit from the partnership to the corporation. The fact that Permit No. 20 had never been issued or transferred to Graham Oil Company, Inc., was pointed out to the Commission and the parties when the case was first called for a hearing on August 15, 1956. The appellants then asked for a continuance on this ground, which was granted. It may be noted that the appellants at the time inquired of the trial examiner whether it would be permissible to amend the application to include a transfer from the partnership to the corporation as well as the transfer then in question. Upon the call of the second hearing before the Commission, appellants submitted a petition referring to the previous proceedings and prayed for the following relief:

"1. Issue an order, *nunc pro tunc* as of October 7, 1947, granting Freight Permit No. 20 to Graham Oil Co., Inc., a corporation.

"2. In the alternative, issue an order approving the transfer of Freight Permit No. 20 from T. A. Graham and C. D. Kelley doing business as Graham Oil Company to Graham Oil Co., Inc., a corporation, as of October 7, 1947.

"3. If necessary, allow an amendment to the application filed in this cause for the approval and authorization of the transfer of Freight Permit No. 20 to Capital Transport Co., Inc., so that the 'transferor' appearing on said application will read "Graham Oil Co., Inc., a corporation and T. A. Graham and C. D. Kelley, doing business as Graham Oil Company."

In support of this request the appellants introduced exhibits to show that the Commission had dealt with the corporation as the holder of Permit No. 20. The Commission's decree, denying the application, recited that the point here developed was raised at the first hearing and that a continuance was had at the request of the appellants. The order then summarized the petition submitted by appellants at the second hearing and noted, "The principal contentions of the protestants were that the matter was not properly before the Commission in view of the fact that no transfer in accordance with the statute was ever affected from the partnership to the corporation who here seek the transfer to the transferee and that there had been very little activity under the permit by either the partnership or the corporation." The Commission, in part, found as follows:

"In addition it appears there is a 'gap' in the ownership of said Permit No. 20 in that the Graham Oil Company partnership has never divested itself of title thereto and can only do so in a proceeding provided for such purpose by statute. Transferee maintains that since the creation of the corporation, the Commission has done business with the corporation with the knowledge that it is a corporation and that in effect Graham Oil Co., Inc., was sort of the *'de facto'* holder of the permit and therefore we should now issue a *nunc pro tunc* order transferring the permit in question to the corporation."

The order concluded with a denial of the application. The lower court, in affirming the order, found, in part:

"The record discloses that this permit was not issued to Graham Oil Company, a Corporation, but was issued to Graham Oil Company, a partnership composed of T. A. Graham and C. D. Kelley. In view of the findings of the Court herein, the Court does not consider it necessary to consider the authority of the Commission to amend nunc pro tunc its order issuing

said permit to the partnership instead of the Corporation."

■ The reissuance of Permit No. 20 to Graham Oil Company in 1947 as a partnership was not a clerical error, as appellants suggest. This is readily ascertained from the facts. Neither is it a simple case of misdescription, which is self-correcting, as appellant says would be the case where a corporation or a partnership is misdescribed in pleadings. Appellants cite to support their view the cases of Ex parte Nicrosi, 103 Ala. 104, 15 So. 507; Ex parte Whitt, 238 Ala. 33, 189 So. 71; and Ewart v. Cunningham, 219 Ala. 399, 122 So. 359. These cases involve cases of pleading where the plaintiff gave the correct name of the defendant but through ignorance or inadvertence incorrectly described the entity as a partnership or a corporation. In those cases there was no question of identity, and the entity subject to suit and intended to be sued in the first instance was one and the same. · They concerned a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it. When an entity is the same, and it is sued by the same name, an amendment lies to change matter descriptive of it. Cf. Western Railway of Alabama v. McCall, 89 Ala. 375, 7 So. 650.

■ But a question of identity does exist in the instant case, and the entity to which Permit No. 20 was reissued in 1947 is not identical to that which seeks to have it transferred today. It is axiomatic that a partnership is a distinct entity from a corporation, even though it consists of the same persons and one may have been converted into the other. See Martin Truck Line v. Alabama Tank Lines, 261 Ala. 163, 73 So.2d 756. Here, the applicant, Graham Oil Company, a partnership, was the party filing the application and the only party having knowledge of whether they wanted the permit issued in the name of the partnership or of a corporation. The record shows no amendment to the application or notice to the Public Service Commission prior to its order of October 7, 1947, that in addition or succession to the partnership entity, there was a separate corporate entity. The inherent difference in the business structure of a partnership and a corporation, the provisions of the charter of incorporation, and financial data of the corporation are factors to which the Commission are entitled to consider in such a transfer situation. Under these circumstances, it cannot be said this is an instance of mere misdescription or clerical error.

■■ Appellants have also invoked the doctrine of estoppel. They point out that for several years the Commission has dealt with Graham as a corporation and the holder of Permit No. 20, etc. Estoppels against the state are not favored, and this rule is based upon public policy for the enforcement of a public right or to protect a public interest. Union Central Life Ins. Co. v. State ex rel. Whetstone, 226 Ala. 420, 147 So. 187; State ex rel. Martin v. City of Gadsden, 216 Ala. 243, 113 So. 6.

In City of Birmingham v. Lee, 254 Ala. 237, 48 So.2d 47, 55, we said the following:

"It is sufficient to say that the principle of estoppel applicable to individuals is not applicable to the State or its municipal subdivisions or to state created agencies. Such bodies cannot be estopped by doing that which they had no authority or right to do. Sidney Spitzer & Co. v. Monroe County, D.C., 274 F. 819. Persons dealing with agencies of government are presumed to know the legal limitations upon their power and cannot plead estoppel on the theory that they have been misled as to the extent of that power. City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816. No person can claim to have altered his position for the worse by acts or promises which the law warns him he must not depend upon. Whitfield v. Hatch, 235 Ala. 38, 177 So. 149."

While the Commission no doubt could have stopped the corporation from carrying on its operations without a transfer of Permit No. 20 to it, the fact that the Commission did not do so is in no way an excuse for the holder of the permit to fail to comply with the express requirements of Section 15 of the Motor Carrier Act. The mere action of filing insurance policies, requests for license plates, or even financial statements in the name of the corporation cannot evade the specific requirements of Section 15 that before the permit could be transferred to the corporation, there must be an affirmative finding that the corporation is in all respects fit and qualified. In the absence of such finding, there can be no valid transfer to the corporation and the permit remains in the name of the partnership. The case of Thompson v. Foster, Tex.Civ.App., 105 S.W.2d 343, advanced by appellants as authority for their contention, is inapposite. That case concerned only the power of the Railroad Commission there to dismiss an application for formal approval of contracts merely because two of the parties thereto had not signed the application.

Appellants aver that the following allegation in their bill of complaint filed in the court below was admitted by the appellees in their answer thereto:

"The said Graham Oil Company, Inc., a corporation has continued to do business * * * as such a corporation with the full knowledge and approval of the respondent Commission. The respondent Commission was informed as to the change in the technical business organization of Graham Oil Company from a partnership to a corporation, and has recognized and dealt with the Graham Oil Company, Inc., a corporation as the valid holder of Freight Permit No. 20."

It is true that so much of the paragraph as is quoted above was admitted by the answer, but the answer specifically excepted that portion of the allegation which stated, "including the exercise of all rights and privileges under the said Permit No. 20, up to the present time". But even so, this admission does no more than stipulate as to the facts which appellants set forth to show estoppel. Admission of those facts in the pleadings cannot disturb application of the rules stated above with reference to estoppel against the state or any of its agencies.

■ It is clear that the Commission was correct in refusing to amend its order of October 7, 1947, nunc pro tunc, as proposed by the appellants, to show that the grantee Graham Oil Company was in fact a corporation. Such an amendment would make the original order of the Commission do something that it could not have done under the proceedings had before the Commission at that time. As we have pointed out, there was no showing before the Commission at the time it considered and granted the application in 1947 that the applicant was a corporation or that the corporation was fit and qualified to hold Permit No. 20. An amendment nunc pro tunc cannot modify an original judgment or decree so as to make it adjudge something that was not spoken at its pronouncement or which the court did not in fact adjudge as evidenced by matter of record. Lewis v. Smith, 265 Ala. 620, 92 So.2d 886; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Gaston v. Reconstruction Finance Corporation, 237 Ala. 111. 185 So. 893.

The appellants in the alternative requested that the Commission issue an order approving the transfer of Permit No. 20 from the partnership to the corporation as of October 7, 1947. The Commission claims that it does not have such authority. Foregoing consideration whether such an order could be made retroactively, a matter which it is not necessary for us to discuss, it must be observed that the transfer of a permit from one holder to another can only

**422**

be done pursuant to Section 15 of the Motor Carrier Act. Section 15 reads in part:

" * * * any certificate or permit may be transferred or leased pursuant to such rules and regulations as the commission may prescribe, provided, however, that no such certificate or permit shall be transferred, or lease of any such certificate or permit approved, except after a finding by the commission that the proposed transferee or lessee is in all respects qualified under the provisions of this article to conduct the service or operation contemplated by such certificate or permit and that the proposed transfer or the approval of said lease is consistent with the public interest."

The permit having been properly issued to the partnership, could only be transferred to the corporation in accordance with said Section 15, supra, which requires an affirmative "finding" by the Commission that the proposed transferee "is in all respects qualified" to conduct the operation contemplated. The record does not reveal any effort on behalf of Graham Oil Company, Inc. to bring itself within the purview of this statute.

Appellants contend further that the application before the Commission was amended so that the transferor would be both the partnership and the corporation. But the asserted amendment was in the form of an alternative prayer to the Commission for relief in the petition filed upon the second hearing. No ruling was had granting any of the relief sought, on the application. It results that the application cannot be taken as amended on the basis of such a status. It does not appear that the Commission considered the application as amended, and we cannot do so here.

Appellants have cited the motor carrier case of Dobbs-Control-Van Hooser, 39 M. C.C. 647 at 648, reported in Interstate Commerce Commission Reports, as authority for their position. It is true that that case held that where a partnership had assumed the operations, assets, and certain liabilities of a corporation, approval of an application for transfer of an interstate operating authority by the Interstate Commerce Commission was not specifically required under section 5(2) (a) of the Interstate Commerce Act [49 U.S.C.A. § 5(2) (a)], as no change in the control of the operations resulted and the interests of the respective partners remained the same as their relative stock ownership had been in the corporation. But appellants have overlooked the fact that not only is this case governed by the Alabama statute but also that case stated that appropriate application for the transfer should have been filed under section 212(b) of the Act, 49 U.S.C.A. § 312 (b), which provided, "Except as provided in section 5 of this title, any certificate or permit may be transferred, pursuant to such rules and regulations as the Commission may prescribe."

For the purposes of the presentation of this record on appeal to review the limited question upon which this decision is rested, we feel that all requisite elements of due process have been accorded the appellants.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.