**EKUS v. ALTMEYER et al., Social Security Board.**

**No. 3289.**

District Court, E. D. New York.

Oct. 13, 1943.

Samuel S. Ress, of New York City, for plaintiff.

Francis M. Shea, Asst. Atty. Gen., and Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Jesse G. Silverman, of St. George, S. I., Joseph A. Fanelli, Jerome C. Strumpf and Alfred S. Berg, all of Washington, D. C., of counsel), for defendants Arthur J. Altmeyer, George E. Bigge, and Ellen S. Woodward, composing the Social Security Board.

MOSCOWITZ, District Judge.

These are two motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that there is no genuine issue as to any material fact, one motion having been brought by the plaintiff and the other, by the defendants.

Plaintiff in this action seeks to review a decision of the Social Security Board which decided that plaintiff was not a fully insured individual entitled to primary insurance benefits under the Social Security Act Amendments of 1939, 53 Stat. 1362, 42 U.S.C.A. § 401 et seq., hereinafter referred to as the Act.

█ The Court has jurisdiction to entertain this action under Section 205(g) of the Act, 42 U.S.C.A. § 405(g).

The plaintiff was employed after January 1, 1940, by a partnership consisting of his two sons. The Social Security Board has decided that this did not constitute employment under the Act and that therefore plaintiff failed to acquire statutory quarters of coverage while so employed.

Section 202(a) of the Act, 42 U.S.C.A. § 402(a), provides primary insurance benefits to every individual who is a fully insured individual who has attained the age of 65 years and has filed application for primary insurance benefits. Under Section 209(g) of the Act, 42 U.S.C.A. § 409(g), a fully insured individual is defined as a person who has not less than six quarters of coverage. Section 209(b) of the Act,

42 U.S.C.A. § 409(b), defines the term employment, and Section 209(b) (4) of the Act, 42 U.S.C.A. § 409(b) (4), excepts from covered employment "service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of twenty-one in the employ of his father or mother * * *."

The question for consideration is, whether plaintiff's employment with a partnership consisting of his two sons was excepted from coverage by reason of the family employment exclusion provided in Section 209(b) (4) of the Act, 42 U.S.C.A. § 409(b) (4).

Evidently the purpose of the Congress in excepting family employment from coverage was to obviate fraud and collusion. It would be more difficult to ascertain the true facts and relationship. This construction is borne out by the Senate Report on the Social Security Act Amendments of 1939 (S.Rept. 734, 76th Cong., 1st Sess.) as follows: "A new paragraph (4) excludes service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of 21 in the employ of his parent. This exclusion is already contained in the Federal unemployment tax provisions of the existing law and is considered advisable because of the possibility offered by such employment for collusion in building up credits in certain cases which offer a high return for a small amount of contributions."

█ A partnership cannot be regarded as a legal entity. See Helvering v. Smith, 2 Cir., 90 F.2d 590. Plaintiff was employed by his sons. It is true that Section 209(b) (4) of the Act, 42 U.S.C.A. § 409(b) (4), refers to son and not sons. However, it would be a strained construction to hold that because the singular word "son" was used that the plural word "sons" was not intended. To hold otherwise would be to disregard the congressional intent.

█ Plaintiff's counsel argues, citing Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; Smietanka v. First Trust & Sav. Bank, 257 U.S. 602, 42 S.Ct. 223, 66 L.Ed. 391, and Eaton v. English & Mersick Co., 2 Cir., 7 F.2d 54, that in case of doubt tax statutes are most strictly construed against the tax authority and in favor of the taxpayer. This argument appears to be correct; however, here we are not dealing

with a tax statute. Even if the rule were applied here and the statute strictly construed, it would seem that the only conclusion that could be reached is the one announced that the word "son" includes "sons". To decide otherwise would do violence to the purpose of the Act as annunciated by the Congress.

█ Plaintiff, having been employed by his sons, is not entitled to the benefits of the Act.

Defendants' motion for summary judgment will be granted and plaintiff's motion denied. Settle order on notice.