Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant,

v.

Marguerite B. KILBORN, Appellee.

No. 20096.

United States Court of Appeals Fifth Circuit.

July 30, 1963.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Alan S. Rosenthal, Terence N. Doyle, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for appellant.

Vincent F. Kilborn, Mobile, Ala., for appellee. Kilborn, Darby & Kilborn, Mobile, Ala., of counsel.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DeVANE, District Judge.

JONES, Circuit Judge.

The Secretary of Health, Education and Welfare denied the claim of Marguerite B. Kilborn to benefits under the Social Security Act. An action was brought in the United States District Court for the Southern District of Ala-

bama to review the Secretary's decision. The district court reversed the Secretary's decision. Kilborn v. Ribicoff, Secretary, 205 F.Supp. 630. The judgment of the district court has been appealed and is now before this Court for its determination. The appellee, Mrs. Kilborn, was born on December 15, 1893. On January 27, 1959, she applied for benefits under the Social Security Act. 42 U.S.C. A. § 301 et seq. The detailed facts are set forth in the opinion of the district court and need not be here repeated. Mrs. Kilborn made two contentions in support of her claim that she was fully insured under the Act. If she can maintain either of the positions she takes, she will be entitled to a determination that she is fully covered. The district court sustained both contentions.

During and after 1953 Mrs. Kilborn was employed by a partnership composed of three of her four sons. She kept the books under the supervision of an accountant. No question is raised as to her skill, as to the time devoted by her to her job, or that she did not fully earn the salary that was paid to her. The contributions required by the Social Security Act were paid. The Secretary declined to recognize her employment by the partnership as employment under the Act. The provision upon which the Secretary relies is :

"The term 'employment' * * * shall not include— * * *

"(3) Service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of twenty-one in the employ of his father or mother." 42 U.S.C.A. § 410(a) (3).

Such was the statute as it read during the time here pertinent.[1] Assuming to

act under the statutory authorization to prescribe such regulations as are necessary to carry out the provisions of the Act, 42 U.S.C.A. § 405(a) the Secretary adopted this regulation:

"Certain services are excepted from employment because of the existence of a family relationship between the employee and the individual employing him. The exceptions are as follows:

* * * * * *

"(c) Services performed in the employ of a corporation are not within the exception. Services performed in the employ of a partnership are not within the exception unless the requisite family relationship exists between the employee and each of the partners comprising the partnership." 20 C.F.R. § 404.1011.

Efforts of an administrator or administrative agency to enlarge or restrict the application of a statute should be subjected to close scrutiny. The Social Security Act was not intended to be restrictively construed in denying coverage. The purpose of the family relationship exclusion was to prevent fictitious employments in order to create an insured status.[2] There seems to be little or no more reason for suspecting that abuses would arise in the case of a partnership comprised of the children of the employee, than where the employer might be a corporation whose only stockholders were the employee's children. We think that the Secretary exceeded his statutory powers in the promulgation of the quoted portion of the Regulation. See Bartels v. Birmingham, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947.

It may have been intended by the statute[3] that the common law is to

---

1. This section was amended in 1960 to except prospectively from the term "employment" service performed by an individual in the employ of his son or daughter only where it is not in the course of his or her trade or business or constitutes domestic employment in a private home. 74 Stat. 942.

2. The fears of this happening have apparently been dispelled or the 1960 amendments would not have been enacted.

3. "The term 'employee' means—
* * * * * *
"[A]ny individual who, under the usual common law rules applicable in deter-

determine whether Mrs. Kilborn's employer was the partnership, or her three sons individually, although the reference to common law rules is in a section defining "employee." The question is whether the partnership is a legal entity, separate from its members, which can qualify as an employer separate from the aggregate of the partners who, as sons of the employee, could not so qualify. The common law principles to be applied must be those of the state of the partnership, which in this case is Alabama. There is no common law of the United States. 15 C.J.S. Common Law § 16, p. 630. Alabama has committed itself to the legal entity theory of partnerships. See Capital Transport Co. v. Alabama Public Service Commission, 268 Ala. 416, 108 So.2d 156, and the cases on the point cited by the district court. D.C., 205 F. Supp. 630, 635. If the question is to be resolved by the common law we must hold that the employer of Mrs. Kilborn was a separate employing legal entity and not her three sons who were the partners.

■ The Secretary directs attention to that portion of the Act which provides that "[t]he term 'partnership' * * * shall have the same meaning as when used in" the Internal Revenue Code. 42 U.S.C.A. § 411(d). This, urges the Secretary, requires a holding that a partnership is not, in Social Security cases, a legal entity. The Secretary stresses the 1943 decision of the District Court for the Eastern District of New York in Ekus v. Altmeyer, 52 F.Supp. 306. It was there held, on the authority of Helvering v. Smith, 2nd Cir. 1937, 90 F.2d 590, that a partnership cannot be a legal entity and hence a father, employed by a partnership comprised of his two sons, was not entitled to Social Security benefits. Such is the gist of the short opinion. The Secretary stresses Helvering v. Smith, supra, for the doctrine that a partnership cannot be a legal entity and suggests that it should carry additional

weight because the opinion was written by the late Learned Hand. The statement that partnerships were not legal entities was based primarily upon the Uniform Partnership Act [4] which rejects the entity theory of partnerships. A year after Helvering v. Smith the Second Circuit had another opportunity to consider the question as to the nature of a partnership. This too was a tax case with the opinion by Judge Learned Hand. In the opinion it was said:

"However, in equity and in bankruptcy the chancellors long ago imposed modifications upon the rights and liabilities of partners, as the common-law conceived them; and, while the firm never became a jural person, capable of being sued and of suing as such, in the administration of its affairs it did become for most purposes an entity; and it was upon this traditional structure that Congress fitted the taxation of partnerships, although it levied the income tax upon the separate distributive shares of the partners, whether they were distributed or not." Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F.2d 383, 7 A.L.R. 2d 667, cert. den. 334 U.S. 819, 68 S.Ct. 1085, 92 L.Ed. 1749. See also Commissioner of Internal Revenue v. Whitney, 2nd Cir., 1948, 169 F.2d 562; Swiren v. Commissioner, 7th Cir., 1950, 183 F.2d 656, cert. den. 340 U.S. 912, 71 S.Ct. 293, 95 L.Ed. 659.

The persuasive value, such as it was, of the Ekus case becomes pretty weak when viewed in the light of Commissioner of Internal Revenue v. Lehman. In recent years, says Mertens, "the trend in Commissioner's rulings and case law has been in the direction of the entity theory." Mertens, Law of Federal Income Taxation § 35.01.

■ If, for most purposes, the federal laws of taxing partnership income

mining the employer-employee relationship, has the status of an employee." 42 U.S.C.A. § 410(k) (2).

4. The Uniform Act has not been adopted in Alabama.

adopt the entity theory, we think we may use that theory in determining whether a partnership is an employer under the Social Security Act separate and apart from its members. But if the common law of the state is to govern the same result is reached. Mrs. Kilborn's employment by the partnership is to be included as covered employment.

The other issue is whether the Secretary is required to conform his records to show wages paid to Mrs. Kilborn which had not been posted on his records. Since we have decided the partnership employment in her favor, it is not necessary that we reach the second question and we refrain from doing so. The judgment of the district court is free from error and is

Affirmed.