Gregorio SALAZAR and Lionel Sanchez, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Clifford HARDIN, United States Secretary of Agriculture, Defendant.

Civ. A. No. C–1617.

United States District Court,
D. Colorado.

July 15, 1970.

Jonathon B. Chase and Jean E. Dubofsky, Colorado Rural Legal Services, Inc., Boulder, Colo., for plaintiffs.

James L. Treece, U. S. Atty., and Leonard W. D. Campbell, Asst. U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

WILLIAM E. DOYLE, District Judge.

Plaintiffs have instituted this suit as a class action on behalf of all farm workers employed in the production of sugar beets who work or will work for crew leaders. They seek a declaratory judgment that 7 C.F.R. § 862.15 is invalid because inconsistent with 7 U.S.C. § 1131(c) (1). Also demanded is a permanent injunction against the Secretary

of Agriculture prohibiting his making sugar payments to any person who pays crew leaders rather than sugar beet workers directly. We have previously determined that this Court has jurisdiction over the subject matter and have made informal findings and conclusions from the bench favoring plaintiffs. The purpose of the present memorandum is to express somewhat more fully the reasons for this ruling.

The Sugar Act of 1948, as amended, 7 U.S.C. § 1100 et seq. provides for sugar payments by the Secretary of Agriculture to producers of sugar. Section 1131 of Title 7 imposes certain conditions which must be met before a sugar producer is entitled to receive his payment. The definitive conditions relevant to the instant controversy (§ 1131(c) (1) ) are:

> That all persons employed on the farm in the production, cultivation, or harvesting of sugar beets or sugarcane with respect to which an application for payment is made shall have been paid in full for all such work, and shall have been paid wages therefor at rates not less than those that may be determined by the Secretary to be fair and reasonable after investigation and due notice and opportunity for public hearing * * *.

▊▊ The above statute evidences a Congressional intent that sugar beet and sugarcane workers receive from the producer a minimum wage to be set by the Secretary. There is nothing in the statute which suggests that diminished worker compensation is to be tolerated. It is also clear that under the terms of the statutory condition set forth in § 1131(c) (1), the burden of carrying out this Congressional intent is cast upon each individual producer. The sanction imposed on a producer who fails to meet this burden is the withholding of his allotment payments.

Plaintiff claims that 7 C.F.R. § 862.-15, a regulation adopted by the Secretary allegedly pursuant to 7 U.S.C. § 1131, conflicts with the statute and hence is invalid. 7 C.F.R. § 862.15, when read in conjunction with 7 C.F.R. § 862.9, provides that:

> A producer of sugarbeets shall be deemed to have complied with the wage provisions of the act if all persons employed on the farm in production, cultivation, or harvesting of sugarbeets as provided in § 862.12, shall have been paid in accordance with the following:
>
> *     *     *     *     *     *
>
> If a producer employs workers through a labor contractor or crew leader and makes payment of workers' wages to him, the producer shall obtain from such contractor or crew leader (a) a copy of his authorization signed by each worker to collect wages due each such worker; (b) a wage record sheet showing the amounts earned and due each worker; and (c) a written representation that he will pay to each worker the wage rates agreed upon by the contractor and the producer but in no event less than those provided by this part.

The general legal principle to be applied in this case has been summarized by the Supreme Court as follows:

> The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law, for no such power can be delegated by Congress, *but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.* Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936) (emphasis added.)

▊ Weight must be given to the administrator's interpretation of applicable statutes. However, where the regulation in question is plainly inconsistent with the statute and operates in a manner which frustrates Congressional intent, it

can be given no force and effect and must be declared invalid. *See, e. g.,* Celebrezze v. Kilborn, 322 F.2d 166 (5th Cir. 1963).

■ The evidence at trial establishes that the above quoted regulation has been used as a means of frustrating this intent of Congress to insure full payment of wages to workers; crew leaders, at times at least, receive the compensation and pay the worker less than the amount, keeping a commission for their services. Under the regulation, the producer fulfills the condition precedent to receiving his allotment by paying full wages for workers to the crew leader. The end result of this practice is to deprive the workers of the minimum wage which they are entitled to receive. It is no answer to say that the worker consents because it is a questionable consent in view of language and other difficulties.

Furthermore, the regulation on its face destroys the very scheme which Congress envisaged as a guarantee that full payment would be made to workers. Congress provided in 7 U.S.C. § 1131(c)(1) that no allotment payments would be made to producers until all workers had been paid in full in accordance with at least the minimum rate set by the Secretary. Under such a scheme the federal government provided an effective incentive in the form of allotment payments not only for producing sugar, but also for paying a decent wage to workers.

The regulation here in question enables the producer to remove the burden which Congress intended for him to fulfill merely by making payment to crew leaders. Once this has been done, he is *deemed* to have complied with the terms of the statute, and thus can no longer be held responsible by either the individual workers or the government if any workers are ultimately short-changed.

Finally, we are unable to perceive that the regulation advances any desirable social purpose. It is merely a convenient and expedient method. We therefore conclude that Congress intended to place ultimate responsibility for insuring full payment to workers on the producer and therefore that 7 C.F.R. § 862.15 conflicts with this intent in that it allows the producer to evade the statutorily imposed responsibility. We further find and conclude that crew workers are being injured in that the above regulation promotes and encourages the evil which Congress intended to remove—the payment of less than a minimum wage to sugar beet workers.

Based on the foregoing we find that:

1. The named plaintiffs are members of a class of persons composed of sugar beet farm workers in Colorado, and can properly represent that class.

2. When sugar beet producers pay their workers through crew leaders, the crew leaders may pay and have paid some farm workers less than the statutory minimum wage.

3. 7 C.F.R. § 862.15, which allows the sugar beet producer to pay the farm worker's minimum wage to the crew leader with no assurance that the crew leader will pay over the minimum wage to the farm worker, permits actual payment to the farm worker of less than the minimum wage.

4. No public interest protected by 7 C.F.R. § 862.15 has been demonstrated.

We conclude that:

1. This action is properly maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

2. 7 C.F.R. § 862.15, which allows the sugar beet producer to receive his sugar payments even though his farm workers may not have received the minimum wage, contradicts and is not in harmony with the statute under which it was promulgated, 7 U.S.C. § 1131(c)(1).

It is therefore ordered:

1. That 7 C.F.R. § 862.15 is void and invalid as inconsistent with and in direct contravention of 7 U.S.C. § 1131(c)(1);

2. That the Secretary of Agriculture is permanently enjoined from making sugar payments to any Colorado sugar

beet producer who after the date of this order pays wages due to farm workers to a crew leader or labor contractor; and

3. That the Secretary of Agriculture notify all Colorado Agricultural Stabilization and Conservation Service committees and beet producers of this order.