Andrew **RODRIGUEZ**, Pauline Rodriguez, Jesse Rodriguez, Benny Rodriguez, Tony Rodriguez, Janie Rodriguez, and Josephine Rodriguez, Plaintiffs,

v.

Ted **ZIMBELMAN**, George V. Hansen, Deputy Administrator, State and County Operations, Agricultural Stabilization and Conservation Service, and Clifford Hardin, United States Secretary of Agriculture, Defendants.

**Civ. A. No. C–2040.**

United States District Court,
D. Colorado.

Oct. 22, 1970.

Jonathon B. Chase and Guy T. Saperstein, Colorado Rural Legal Services, Inc., Boulder, Colo., for plaintiffs.

Gaunt, Byrne & Dirrim by William W. Gaunt and Charles T. Byrne, Brighton, Colo., for defendant Ted Zimbelman.

James L. Treece, U. S. Atty., and Leonard Campbell, Asst. U. S. Atty., Denver, Colo., for defendants George V. Hansen and Clifford Hardin.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This is a declaratory judgment action in which the plaintiffs seek a ruling that 7 U.S.C. § 1131(c) (1) and 7 C.F.R. § 862.13 prohibit deductions to be taken from the wages of plaintiff, a farm worker, for the benefit of a third party creditor. In this instance it is an assignment by the Great Western Sugar Company of money advanced to the plaintiff for transportation and subsistence. The Great Western assigned this to the defendant Ted Zimbelman, a producer-grower in Weld County, Colorado.

Injunctive relief is sought requiring the defendant Secretary of Agriculture, and the defendant Deputy Administrator, State and County Operations, Agricultural Stabilization and Conservation Service to direct the Weld County ASCS to place defendant Zimbelman on the claims control record of Weld County, Colorado, pursuant to 7 C.F.R. § 862.18.

The plaintiffs Andrew Rodriguez and his family were sugar beet workers during May and June 1969. They were employed by Zimbelman and had total earnings of $728.20. The sum of $451.-01 was withheld from their earnings on account of advances made to them personally by Zimbelman for living expenses. The remaining $277.19 was withheld on account of cash advances which had been made by Great Western Sugar Company to the plaintiffs who had executed negotiable promissory notes to Great Western's agent or his order for this cash advance. Zimbelman and Great Western entered into an agreement whereby the former undertook to purchase the indebtedness of the Rodriguez family to Great Western Sugar Company. These promissory notes were endorsed to the order of Zimbelman pursuant to this agreement.

Plaintiffs are not contesting the amount withheld by Zimbelman for living expenses. The only matter in issue is the sum which was withheld on account of the Great Western Sugar Company. It does not appear from the file that there is any dispute of fact with respect to the source of the $277.19 obligation.

There have been previous hearings before the Weld County Agricultural Stabilization Conservation Service Committee which ruled in favor of the Rodriguez family and held that they had been underpaid in the amount of $277.19. The reason stated by that committee was that "No provisions are made for producers to make payment or partial payment to third-parties for debts incurred by the workers to those third-parties." Zimbelman appealed this to the Colorado State ASCS Committee which reversed the County Committee. This in turn was appealed to the Deputy Administrator, Agricultural Stabilization and Conservation Service, which agency affirmed the State Committee. Plaintiffs here seek review pursuant to 5 U.S.C. § 704. This matter is before the Court on motions of both sides for summary judgment and it now stands submitted. Jurisdiction is founded on 7 U.S.C. § 1154 and 5 U.S.C. § 704.

The substantive problem here, like that in our recent decision in Salazar v. Hardin, D.C.Colo., 314 F.Supp. 1257, revolves around Section 1131(c) (1) of Title 7 United States Code which imposes certain conditions which must be met before a sugar producer is entitled to receive payment. The pertinent provision reads:

That all persons employed on the farm in the production, cultivation, or harvesting of sugar beets or sugarcane with respect to which an application for payment is made shall have been paid in full for all such work, and shall have been paid wages therefor at rates not less than those that may be determined by the Secretary to be fair and reasonable after investigation and due notice and opportunity for public hearing * * *.

As we said in Salazar, the Congress has set forth a policy and the Department of Agriculture has carried it out in the form of regulations which seek to make

certain that workers are paid at rates determined by the Secretary to be fair and reasonable, and even more important the statute requires that the workers be paid in full; that there are to be no unauthorized deductions. A search of the regulations issued pursuant to this mentioned statute fails to reveal any provision which permits the assignment of a claim by a third party to a producer-grower for collection. Section 862.13 (7 C.F.R.) of the regulations makes specific provision for payment of wages and specifies deductions which can be made. This provision is as follows:

> Workers shall be paid in cash for all work performed. Deductions from cash payments are permitted and may be made for cash advances to workers and, in the amounts agreed upon, for items furnished such as meals and transportation and for mandatory deductions or withholdings required by law. Deductions may not be made for payments to a labor contractor or supervisor for their services, or for any items which the producer agreed to furnish the worker free of charge.

The assignment here in issue is not embraced by the regulation. Furthermore, it is completely out of harmony with not only the regulation of the Secretary, but also the statute itself. In some respects the deductions here in question are more flagrant than the deductions having to do with services of the crew leader which were condemned in *Salazar*. Thus, there is no opportunity for the worker to dispute the amount of the charges against him, and the burden is placed on him to take legal action. This allows the third party creditor to get paid by extra legal process merely through the expedient of an assignment to the producer-grower who holds the money. This legal shortcut eliminates the necessity for running an attachment or garnishment following the obtaining of a judgment.

It can be seen that the problem of reimbursement for transportation and subsistence is a difficult practical one. However, as we view it, some other approach has to be employed in view of the statute and the regulations which are noted above. We do not say that the amount assigned and withheld here was incorrect. On the other hand, we can not hold in the light of the policies expressed by the Congress and by the Secretary that it is valid.

We conclude, then, that the statute and the regulations here in question do not allow the attempted assignment which is here disputed, and we must thus declare that the plaintiffs are entitled to be paid the amount which the defendant Zimbelman holds over and above that which was withheld for subsistence advances made by Zimbelman personally. The plaintiffs are entitled to any and all remedies provided by 7 C.F.R. § 862.18.

Counsel for plaintiffs will submit an appropriate judgment to counsel for the defendants for approval as to form. Following this, said judgment will be presented to the Court for signature.