**J. W. HOWARD, Plaintiff-Appellee,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 73–3128**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1974.

Rehearing Denied March 18, 1974.

Ira De Ment, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., Walter H. Fleischer, David M. Cohen, Dept. of Justice, Washington, D. C., for defendant-appellant.

Clellon K. Baeder, Auburn, Ala., for plaintiff-appellee.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The Secretary of Health, Education and Welfare appeals from a decision of the district court granting a so-called default judgment against the Secretary in favor of claimant for disability insurance benefits. We reverse for the following reasons:

 1. Granting a default judgment by the district court under the circumstances here was arbitrary and constituted an improvident use of judicial discretion. The complaint was filed on February 12, 1973, and served on February 14, 1973. On April 16, 1973, the day on which answer was due, the Government filed a motion for extension of time to answer until June 15, due to an alleged inability to prepare the transcript of the administrative record. This motion was denied by the court on April 17. On April 19, plaintiff filed a motion for a default judgment. On April 20, the court considered this motion and ordered the Government to show cause, within 15 days, as to why the default judgment should not be entered. On May 3, the Government filed a motion for leave to file answer out of time, stating that the United States Attorney was then in possession of the administrative transcript. This motion was amended on May 7 so as to add the defendant's answer and the transcript. The motion, as amended, was denied by the court on May 10. The court then entered a default judgment against defendant on June 1. The Government's amended motion dated May 7, to add the Government's answer and transcript, should have been granted; it antedated the default judgment of June 1, and the ends of justice would have been better served by allowing the amended motion so as to put the merits of the case before the trial court.

 2. The district judge used an erroneous standard in his written opinion when he held that there was substantial evidence in the record to sustain claimant's claim. The function of a reviewing court is to determine whether the Secretary's decision. If there is, the decision must be upheld. *See, e. g.,* Brown v. Finch, 5 Cir., 1970, 429 F.2d 80, 82; Herridge v. Richardson, 5 Cir., 1972, 464 F.2d 198, 199.[1]

Reversed and remanded.

---

1. Section 205(g) of the Social Security Act [42 U.S.C. § 405(g)] provides in pertinent part that

   "As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."