**Betty E. HAMBLIN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. WC 73–58–S.**

United States District Court, N. D. Mississippi, W. D.

Feb. 20, 1974.

Flavous L. Hutchinson, Tupelo, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiff, Betty E. Hamblin, seeks a review in the action sub judice of the final decision of the Secretary of Health, Education and Welfare (Secretary), that she is not entitled to a period of disability or to disability insurance benefits as provided under Sections 216(i) and 223, respectively, of the Social Security Act.[1] The action has been filed pursuant to Section 205(g) of the Act[2] and is submitted on motions for summary judgment, memoranda of the parties, and the certified transcript of the proceedings conducted before the Secretary. The latter has been filed with the court by the Secretary, pursuant to the provisions of 42 U.S.C.A. § 405(g).

The function of the district court in actions of this kind is to review the evidence as shown in the transcript of the proceedings before the Secretary, upon which his decision is based. If it appears from the entire record that the findings of the Secretary are supported by substantial evidence, it is the duty of the court to uphold the decision. Howard v. Weinberger, 489 F.2d 216, 217 (5th Cir. 1974). See, e. g., Brown v. Finch, 429 F.2d 80, 82 (5th Cir. 1970); Herridge v. Richardson, 464 F.2d 198, 199 (5th Cir. 1972). The statute itself provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C.A. § 405(g).

Section 405(g) of Title 42 U.S.C.A. contains a further provision that the court may, at any time, on good cause shown, order additional evidence to be taken by the Secretary, and remand the case to the Secretary for that purpose.[3]

---

1. 42 U.S.C.A. §§ 416(i) and 423.

2. Id. Section 405(g).

3. The pertinent part of 42 U.S.C.A. § 405(g) is

The court . . . may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of

See, Hamm v. Richardson, 324 F.Supp. 328 (N.D.Miss.1971).

The record reflects that plaintiff's treating physicians have diagnosed her condition as arthritis and osteoporosis. A rheumatology specialist who examined plaintiff November 14, 1972, after the Administrative Law Judge conducted a hearing in the case at which plaintiff and her husband testified regarding her condition (July 20, 1972) and before the release of his report (November 24, 1972), diagnosed plaintiff's back trouble as "moderately severe osteoporosis of the spine without evidence of significant hypertrophic change, significant compression or significant disc space narrowing." The specialist concluded the report with comments as follows:

In answer to the specific questions you sent in with her consultation I feel that she presently is having some back pain from her severe osteoporosis, and there is some suggestion of nerve route irritation with the positive straight leg raising at 70° on the left but I could find no evidence of atrophy or any specific neurological defect. In answer to number 2 it is difficult to specifically state functional limitations after only one consultation however if her pain is as real as she apparently feels it is, I am sure that doing a lot of bending, stooping, walking, carrying and pushing will increase her pain. On examination however she had very little LOM of her spine, but as stated above it is very difficult to ascertain exactly how much limitation this lady actually deserves. I do feel that she should at least continue to try to carry on some sedentary or light work as inactivity will enhance her osteoporosis. In answer to question number 4 in reviewing her records sent in she has never had any attempt at an osteoporotic regimen to improve her present situation. I am of the opinion that on

good osteoporotic regimen that this patient's pain could be lessened, however this does take considerable period and would require at least three to six months.

The Administrative Law Judge, in his evaluation of the medical evidence, based his denial of plaintiff's claim primarily upon the report of the above-mentioned specialist. The Judge stated in his report:

Though the claimant does have osteoporosis, x-ray examination shows no degenerative changes, significant compression or disc space narrowing. Furthermore, this specialist is of the opinion that the claimant's condition could be improved, at least to some extent, by a proper medical regime. *The absence of documented clinical abnormalities and the strong possibility of remediability, together with the fact that the impairment has not lasted, as of the time of this decision, for the prescribed statutory period of twelve months or more, militate against a finding that the claimant has been disabled, as that term is defined in the Social Security Act, for the required period of time.*

. . . . .

It may be that the claimant's condition will not respond to proper osteoporotic therapy. And, *it may be that the claimant will continue to be disabled for a period which equals or exceeds twelve consecutive months. However, the evidence in the record at this time, does not preponderate in favor of a finding of disability.* (Emphasis supplied).

The decision of the Administrative Law Judge was handed down November 24, 1972, ten days after plaintiff was examined by the specialist. It is apparent that plaintiff was never afforded an opportunity to follow the osteoporotic regimen which the specialist recommended

fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified

findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

to remedy or improve her disabling condition.

The Secretary urges in his Memorandum that, although the medical evidence showed that plaintiff had an impairment of the spine, diagnosed as osteoporosis, the specialist found her condition to be remediable. Upon this premise the Secretary argues that plaintiff's impairment cannot serve as basis for a finding of disability, since the impairment can be remedied by a proper regimen.

In support of this position, the Secretary refers the court to Section 404.1507 of the Social Security Administration Regulations No. 4 (20 C.F.R. 404.1507), which provides, in part, as follows:

> An individual with a disabling impairment which is amenable to treatment that could be expected to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However, an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment.

The Secretary also advances the argument that the medical evidence in the record reflects that the plaintiff actually prolonged her period of recovery by not aggressively pursuing the treatments prescribed by her physician, and, for this reason plaintiff may not be considered disabled within the meaning of the Act. The court has searched the record in vain to locate support for this assertion. The Secretary refers to the recommendation of the specialist that plaintiff should endeavor to engage in some work activity. The specialist stated in his report "that [plaintiff] should at least continue to try to carry on some sedentary or light work as inactivity will enhance her osteoporosis". It must be noted, however, that the specialist was engaged to examine plaintiff, not to treat her. The examination was arranged by the Administrative Law Judge, at Government expense, through the Mississippi Division of Vocational Rehabilitation. The report of the specialist was made to the Vocational Specialist, who arranged the examination. The record does not disclose that plaintiff and her treating physicians were advised of the recommendations of the specialist.

Without further discussion of the evidence, the court is of the opinion and so finds that plaintiff should have the opportunity of presenting additional evidence in support of her claim for disability benefits, and that the case should be remanded to the Secretary for the receipt of additional evidence.

As said by Chief Judge Keady in Hamm v. Richardson, 324 F.Supp. 329 (N.D.Miss.1971) supra at pp. 331, 332:

> This remand is not to be considered a reversal of the Secretary's decision nor a decision on substantiality of the evidence, but merely an opportunity for both the Secretary and the claimant to have a further hearing at which they may present whatever additional evidence they may wish on all questions raised by plaintiff's application.

Both parties shall have the opportunity to supplement the present record, and a new decision shall be reached based upon the entire record, as supplemented on the remand.

An appropriate order will be entered by the court.