**Milton P. JOWERS**

v.

**SECRETARY, U. S. DEPARTMENT OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 16752.**

United States District Court, W. D. Louisiana, Alexandria Division.

Jan. 20, 1975.

**7.** Presidential Proclamation 4313.

Edward A. Kaplan, Alexandria, La., for plaintiff.

Donald E. Walter, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., for defendant.

## OPINION

NAUMAN S. SCOTT, Judge:

The Plaintiff, Milton P. Jowers, brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to review a final decision by the Secretary of HEW that the plaintiff was not entitled under Section 216(i) of the Act, 42 U.S.C. § 216(i), to the establishment of a period of disability and to disability insurance benefits under Section 223, 42 U.S.C. § 423. The Secretary and the plaintiff have filed cross motions for summary judgment.

The plaintiff filed an application for a period of disability and for disability insurance benefits on August 31, 1970 alleging that he became unable to work on April 1, 1969 because of heart and other circulatory problems. The application was denied both initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. A hearing was held before a Hearing Examiner on February 3, 1971 following which the Hearing Examiner determined that the plaintiff was not entitled to a period of disability and to disability benefits. The Appeals Council affirmed this decision, and the plaintiff then appealed to this Court for review of that determination. This Court remanded the case back to the Appeals Council for further consideration, and the Appeals Council then remanded the case further to the Hearing Examiner for a supplemental hearing. The supplemental hearing was held on April 19, 1973 at the Veterans Administration Hospital in Pineville, Louisiana. Following this hearing the Hearing Examiner determined that plaintiff was enti-

tled to a period of disability and to disability benefits. The Appeals Council on October 25, 1973, reversed that ruling by the Hearing Examiner and issued its own ruling declaring that plaintiff was not entitled to a period of disability and to disability benefits. This decision thus became the final decision of the Secretary of Health, Education and Welfare. Plaintiff has now appealed to this Court for review of this final decision.

The facts in the case are clear. Since 1958 plaintiff had been employed as a radiology technician by the Veterans Administration Hospital in Pineville, Louisiana. On April 1, 1969, plaintiff suffered a heart attack. Following a period of convalescence plaintiff returned to work in July of 1969 and continued working until July of 1970, at which time he was given a disability retirement by the Veterans Administration, and relieved of his duties at the Veterans Administration Hospital. Plaintiff's earnings records indicate that his insured status for disability benefits expired on September 30, 1969. Thus, any disability, to entitle plaintiff to benefits under the Act, must have arisen before that date.

It is well recognized that the person seeking the benefits of the statute has the burden of proving his claim of disability. Hayes v. Celebrezze, 349 F.2d 561 (5th Cir. 1965); Jenkins v. Gardner, 430 F.2d 243 (6th Cir. 1970), cert. denied 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971). The scope of this Court's review is limited to determining whether, under the facts of the case and the medical evidence presented, there is substantial evidence to support the findings of fact by the Secretary. Knox v. Finch, 427 F.2d 919 (5th Cir. 1970); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970); Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969).

■ The Hearing Examiner had before him on remand the opinions of three internal specialists and one cardiologist concerning the functional classification of plaintiff's heart disease.

Drs. Wilkerson and Ertan felt this should be classed II to III, Dr. Perez-Montes felt it should be classed III, and Dr. Worley, the treating physician, felt it should be classed IB. All the physicians made essentially the same diagnostic finding, that plaintiff had suffered an acute myocardial infarction, and was suffering from angina pectoris.

The proposed opinion by the Hearing Examiner noted, for very cogent reasons, that Dr. Worley's classification of IB could not stand scrutiny. Dr. Worley's own diagnosis was of arteriosclerotic heart disease with previous myocardial infarction. At one point, on July 23, 1970, Dr. Worley noted chest pains which "did not sound like angina", but in his report of July 24, 1970 this same Doctor diagnosed plaintiff's condition as "coronary arteriosclerotic heart disease with *angina pectoris*" (emphasis added), and plaintiff was told not to engage in strenuous physical activity. As the Hearing Examiner noted, this diagnosis is inconsistent with the classification of IB, which requires no limitation on physical activity and no anginal pain. See American Heart Association Classification of Functional and Therapeutic Treatment of Cardiovascular Diseases. Because of this inconsistency, the Hearing Examiner discounted Dr. Worley's classification, although not his diagnosis, and followed that of the other examining physicians, all of whom agreed the classification should be classed II or III, much more serious than Class I. On appeal, in the face of this obvious inconsistency, the Appeals Council chose to put primary emphasis on the opinion of Dr. Worley. The reliance of the Appeals Council on Dr. Worley's diagnosis was entirely correct. However, its decision was based not on his *diagnosis* of plaintiff's condition, but on the *classification* assigned by him. As noted above, the diagnosis of all the physicians was essentially the same. Only their classifications differed. Dr. Worley's classification was obviously an error, since it did not accord with his own diagnosis.

It is not the function of this Court to try the case de novo, nor to "re-weigh the evidence". Herridge v. Richardson, 464 F.2d 198 (5th Cir. 1972); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970); Rome v. Finch, *supra*. The opinion of the Secretary must be upheld in this Court if it is supported by substantial evidence. Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); Howard v. Weinberger, 489 F.2d 216 (5th Cir. 1974). Substantial evidence is more than a scintilla, less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Garrett v. Richardson, 471 F.2d 598 (8th Cir. 1972); Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963).

While the administrative agency and not the Courts are to resolve the issues of conflicting evidence, the District Court nevertheless should not abdicate its conventional functions, including making determinations as to whether or not the evidence offered meets the legal standards of "substantial evidence". Gardner v. Smith, 368 F.2d 77 (5th Cir. 1966); Hayes v. Celebrezze, *supra*. The question of what amounts to substantial evidence is a matter of law for the reviewing Court to determine upon a considered evaluation of the whole record. Hayes v. Celebrezze, *supra*. When the determination of the Secretary is contrary to the evidence, that determination must be reversed by the District Court. Hayes v. Celebrezze, *supra*.

Following the standards outlined above, this Court cannot say that the determination of the Secretary as to physical non-disability is supported by substantial evidence. The one doctor whose opinion supports the Secretary, Dr. Worley, has made a determination of plaintiff's classification inconsistent with his own diagnosis. Indeed, he has noted that plaintiff is limited in physical activity and has angina pectoris. The other three doctors have also noted limitation in physical activity and angina pectoris, giving plaintiff a classifi-

cation of either II or III. On this basis, we agree with the Hearing Examiner that the "vast weight of medical evidence reflects" plaintiff's functional heart classification as Class II or Class III.

Plaintiff has the burden of proving his claim. Jenkins v. Gardner, *supra*; Hayes v. Celebrezze, *supra*. Once plaintiff has met his burden of proving with medical evidence the existence of a disabling condition which prevents him from performing his normal job, the burden shifts to the Secretary. The Secretary must show that jobs exist in the economy which plaintiff can perform, given his training and qualifications and the nature of his disability. Herridge v. Richardson, *supra*; Meneses v. Secretary of HEW, 143 U.S.App.D.C. 81, 442 F.2d 803 (1971); Hayes v. Celebrezze, *supra*. There is ample lay testimony by plaintiff's co-workers and superiors that he could not adequately perform his normal functions. In fact, this was the basis for his ultimate dismissal by the hospital.

At the second hearing before the Hearing Examiner, Dr. George Hearn, a vocational expert, testified as to plaintiff's ability to perform work, given the various conflicting classifications of plaintiff's heart disease. Dr. Hearn's testimony was clear that, in his opinion, if a functional classification of II or III were accepted, there existed no jobs which plaintiff could perform, given his classifications and background. The Secretary has failed, through his own witness, to show that jobs exist which plaintiff could perform, under the standards of the Act.

■ We turn now to the issue raised by plaintiff having returned to work after his heart attack. On July 7, 1969 plaintiff returned to work until July 30, 1970 at which time he was given a disability retirement. On August 31, 1970, plaintiff filed an application for disability benefits. Plaintiff is now claiming this return to work was an unsuccessful trial period. The statute, 42 U.S.C.A. § 422(c)(1), provides for such a trial pe-

riod, and if the requirements are met, no work performed during such period may be considered in determining disability. The regulation implementing this provision provides, however, that no such trial period may begin until an application for benefits has been filed. 20 C.F.R. § 404.1536(c). Since plaintiff did not file an application until August 31, 1970, he was not entitled to a period of trial work under the statute.

This is not an absolute stumbling block to plaintiff's case however. We are faced with the very practical problem of a man having suffered a heart attack which, considering the creditable medical and vocational testimony, was of such severity as to render him unable to perform substantial gainful employment. In the face of this, plaintiff did, however, return to work. There is ample lay testimony in the record indicating this work was done with considerable pain and hardship. He required assistance in practically everything he did. He was given special hours and relieved of any "on call" duty (after hours duty), normally required in his position. During working hours he had to take rest periods frequently. He used up all of his sick leave, "borrowed" over 100 hours of sick leave, and then used his annual leave in lieu of sick leave. In sum, he returned to work, but it was under extreme circumstances, with pain and hardship, and with assistance not normally afforded someone in his position and he was absent from work a great deal.

While the Social Security Laws are rather strict, they must be administered with reason. Celebrezze v. Warren, 339 F.2d 833 (10th Cir. 1964); Hayes v. Celebrezze, *supra*; Celebrezze v. Kilborn, 322 F.2d 166 (5th Cir. 1963). The Social Security Act was not meant to be strictly construed in denying coverage. Celebrezze v. Kilborn, *supra*.

The Secretary is empowered to formulate criteria to be used in determining disability. 42 U.S.C. § 405(a). One of these criteria is contained in 20 C.F.R. § 404.1534(b), which provides that if an individual's earnings are in excess of $140.00 per month, this fact *may be considered* (emphasis ours) to demonstrate a lack of disability, "unless there is affirmative evidence that such work activities themselves establish" a disability. The $140.00 per month earnings limit is evidence to be considered in determining disability. Here, however, the evidence clearly shows that the conditions surrounding plaintiff's work establish, in effect, an inability to perform his work adequately, without considerable assistance, and under special circumstances.

Further, 20 C.F.R. § 404.1532(d) provides that an individual's inability to perform work satisfactorily without assistance beyond that usually given may constitute evidence of a disability. In this case the evidence is clear that plaintiff was not able to perform his work satisfactorily without assistance beyond that usually given. He was given nurses assistants to aid in moving both equipment and patients. He was given light work hours and was relieved of any after hours duty.

These regulations were designed by the Secretary in implementation of the requirements of the Act. They are meant to be guidelines for the Secretary and for the Courts in the determination of disability. Each of them, however, contains exceptions which are clearly met in this instance.

From the evidence discussed above, it is clear that plaintiff did return to work and earned in excess of $140.00 per month. It is also clear that he was able to work only with difficulty and with assistance. Thus, from the totality of the circumstances surrounding plaintiff's condition, there does not appear to be substantial evidence to support the Secretary's decision. Indeed, all the relevant evidence points the other way.

Considering the foregoing, plaintiff's Motion for Summary Judgment is granted, and that of defendant is denied.