John S. Martin, Jr., U.S. Atty., Cathy R. Silak, Asst. U.S. Atty., S.D.N.Y., New York City, for defendant.

---

**Francisco DOMINQUEZ, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 82 Civ. 6491 (DNE).**

United States District Court, S.D. New York.

Jan. 25, 1983.

MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge.

This is an action brought under §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final determination of the Secretary of Health and Human Services which denied plaintiff's application for disability insurance benefits and Supplementary Security Income ("SSI") based upon disability.

*Prior Proceedings*

Plaintiff filed applications for disability benefits on July 23, 1980 and for SSI benefits on February 1, 1981. Plaintiff requested a hearing to review both applications, and a hearing was held on March 25, 1981 and May 13, 1981. On July 23, 1981, the Administrative Law Judge ("ALJ") found that the plaintiff was not under a disability that would preclude her from returning to

her previous job. The decision of the ALJ became the final decision of the Secretary when it was adopted by the Appeals Council on September 10, 1981.

*Discussion*

The issue to be determined by this court is whether the Secretary's decision that the plaintiff was not under a disability that precluded her from returning to her previous job is supported by substantial evidence.[1] *Schauer v. Schweiker,* 675 F.2d 55, 57 (2d Cir.1982).

 Plaintiff is a fifty-two year old woman who worked as a sewing machine operator for thirty-two years. Plaintiff claims to be unable to continue her job as a seamstress due to pain in her lower back. (Tr. 48) This claim is supported by medical records and subjective evidence of pain and disability as described by the claimant. Medical records indicate that plaintiff suffers sufficient disability from lower back pains to prevent her from returning to her job (Tr. 154, 162). There are also statements in medical records that three weeks of strict bed rest were prescribed by a physician, although he made no specific diagnosis regarding disability. (Tr. 150) This is certainly evidence that plaintiff is disabled.

The Secretary states that there is substantial contrary evidence in the record to support the finding that the plaintiff did not meet the disability requirements which would require this court to uphold the Secretary's findings. *See Howard v. Weinberger,* 489 F.2d 216, 217 (5th Cir.1974). However the Secretary has not directed the court to any references in the record to support this conclusory statement. The Secretary states that tests show "a reduced spinal flexion and straight leg raising (left), but [that] these limitations do not prohibit plaintiff from engaging in all gainful activity." Memorandum in Support of Defendant's Motion for Judgment on the Pleadings, at 13. Whether or not the claimant "can engage in any gainful activity" is not the appropriate standard at this stage of the review. As indicated *supra, see* footnote 1., the issue of alternative employment is the fifth step of the *Berry* review, and is addressed only after determining that the claimant cannot return to her present job.

Thus, the issue of this review involves step four of the *Berry* test—whether plaintiff can continue at her previous job. With respect to this issue, the Secretary found that "she is able to sustain sedentary work not involving the lifting of heavy weights." Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, at 17. There is, however, evidence that this would preclude her "from doing her job as a sewing machine operator which requires heavy lifting in the sitting position." (Tr. 154). *See* Tr. at 75. It does not appear from the record that the ALJ sufficiently addressed the issue of whether plaintiff's job as a seamstress required her to lift heavy weights. The only inquiry by the ALJ as to the physical demands inherent in plaintiff's job was to ask "do you have to use your legs and your hands for [your job]? (Tr. 52).

The court finds that substantial evidence was not presented to support the ALJ's finding and remands for further hearings.

SO ORDERED.

---

1. Plaintiff raises a second issue of "whether or not the standard applied and the requirements of the standard [that] indicate[s] non-disability were proper and applicable." Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, at 1. Plaintiff relies chiefly on the decision in *Campbell v. Secretary of Health and Human Services,* 665 F.2d 48 (2d Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982), for the proposition that a claimant who cannot return to her previous job, cannot be denied SSI payments without a hearing as to whether there are alternative jobs she can perform. The issue of alternative employment, however, is not relevant until there is a finding that the plaintiff is not capable of returning to his or her past work. Then evidence must be received regarding whether the claimant can engage in alternative employment. *See Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982) (five step test used to determine disability). Thus, the inquiry regarding alternative employment occurs only after the other four steps of the *Berry* test are reached. Since the ALJ's inquiry ended at the fourth step of the test, it was inappropriate to consider alternative employment.